520 A.2d 1264

Civil Service Commission, Appellant *v.* Althea E. Rogers, Appellee.

Argued December 8, 1986, before Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Kenneth L. Smukler,* with him, *Ralph J. Teti,* Divisional Deputy City Solicitor, and *Barbara W. Mather,* City Solicitor, for appellant.

*Margaret A. Browning, Spear, Wilderman, Sigmond, Borish, Endy & Silverstein,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, February 12, 1987:

The Civil Service Commission of the City of Philadelphia appeals the order of the Philadelphia County Court of Common Pleas granting Althea Rogers' appeal and ordering the City to reinstate Rogers to her former employment.

The City of Philadelphia discharged Althea Rogers for violation of the City's residency requirement. Rogers appealed to the Civil Service Commission which denied Rogers' appeal after concluding, upon reviewing the testimony and exhibits, that Rogers, by her conduct, had exhibited an intention to permanently reside outside Philadelphia in Bucks County.

Rogers appealed the Commission's decision to the common pleas court. The common pleas court, in a June 21, 1984 order, stamped "uncontested," granted Rogers' appeal and ordered the City to reinstate Rogers to her former employment with back pay. On October 24, 1984, the common pleas court issued an opinion upon the Commission's appeal from the June 21, 1984 order granting as uncontested Rogers' appeal from the Commission's decision. The court cited Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b), which sets forth a court's scope of review on appeal from a decision of a local agency and then stated:

> In view of our findings of a violation of the Appellant's [Rogers'] constitutional rights and a lack of substantial evidence, the appeal was in our opinion properly granted.

The facts in this case parallel those in *Civil Service Commission of the City of Philadelphia v. Farrell*, 99 Pa. Commonwealth Ct. 631, 513 A.2d 1123 (1986). In that case, the Philadelphia County Court of Common Pleas entered judgment in favor of the appellant Farrell after the Commission failed to comply with the court's order establishing a deadline for the filing of its reply brief. Judge CRAIG, writing for this Court, pointed out that a court reviewing a matter on appeal from a local agency must affirm the agency where a complete record was developed before the local agency, unless the court determines that constitutional rights were violated, an error of law was committed, the procedure before the agency was contrary to statute, or that a necessary finding of fact is unsupported by substantial evidence. 99 Pa. Commonwealth Ct. at 633, 513 A.2d at 1124-25. Judge CRAIG also pointed out that Farrell, as the moving party, had an affirmative duty to prosecute the appeal, and even a total failure by the Commission to file a brief, to appear for argument, or otherwise to counter Farrell's burden, would not eliminate that affirmative duty. Finally, Judge CRAIG advised, by analogizing to the Pennsylvania Rules of Appellate Procedure, that the court, in the event the appellee fails to file a brief, may simply bar the appellee from participating in argument. Pa. R.A.P. 2188. The appeal could not be decided by default, however, and, thus, the case was remanded to the common pleas court for a decision on the merits.

The law set forth in *Farrell* applies to the instant appeal, as well. That Rogers' appeal was uncontested did not relieve the common pleas court of reviewing the record developed before the Commission and issuing a decision on the merits. The court's statement in its October 24, 1985 opinion quoted above will not satisfy that duty especially since we are unable, in the record certified to this Court, to locate any discussion by the

common pleas court of the record and of the sufficiency of the evidence contained therein.

Again, our decision to remand this matter to the common pleas court does not indicate that we, in any way, condone the Commission's apparent lack of regard for the judicial process. The court's ability to sanction noncompliance is limited, however, to suppressing a tardy brief or barring the appellee from argument.

### ORDER

AND NOW, this 12th day of February, 1987, the order of the Philadelphia County Court of Common Pleas is vacated and the matter is remanded to that court for proceedings consistent with this opinion.

Jurisdiction relinquished.