521 A.2d 80

Civil Service Commission of the City of Philadelphia, Appellant *v.* William K. Wenitsky, Appellee.

Argued December 8, 1986, before Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Susan Shinkman,* with her, *Ralph J. Teti,* Divisional Deputy City Solicitor, for appellant.

*Gerald H. Kauffeld, O'Brien and O'Brien Associates,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, February 17, 1987:

The Civil Service Commission of the City of Philadelphia appeals to this Court the order of the Philadelphia County Court of Common Pleas granting the appeal of William K. Wenitsky.

Wenitsky, injured on July 14, 1977 and serving thereafter only intermittently as a police officer for the City of Philadelphia, was ordered on August 4, 1980 to return to full-time active duty. Wenitsky then filed an appeal to the Civil Service Commission under Civil Service Regulation 32 which permits an employee who

has been instructed to return to work and who feels that he is physically unable to return to work to file an appeal within thirty days of his refusal to work. Wenitsky's appeal was heard on September 16, 1980. The Commission deferred its decision until receiving a report from the physician employed by the City Employees' Compensation Services who, in the interim, had conducted an examination of Wenitsky. Based on that report, the Commission on October 22, 1980 denied Wenitsky's appeal. Wenitsky then filed an appeal on October 30, 1980 to the common pleas court.

Wenitsky's appeal to the common pleas court remained inactive until January 18, 1983 when the court ordered Wenitsky to file a brief in support of his appeal. Wenitsky filed his brief on February 18, 1983. The Commission filed its reply brief on March 11, 1983 and, in it, argued that Wenitsky's Regulation 32 appeal was moot as Wenitsky had been discharged. The Commission asserted in its brief that, because Wenitsky had failed to report for active duty after his Regulation 32 appeal had been denied, the police department removed Wenitsky from his employment pursuant to Civil Service Regulation 22.01 which provides that an employee who is absent from work without a valid leave of absence for five consecutive working days shall be deemed to have abandoned his position unless he shall within a specified time frame prove that his failure was excusable.

The common pleas court then, on April 7, 1983, remanded the case to the Civil Service Commission to allow the City's Personnel Director to determine whether Wenitsky's forced separation from employment was in error. Apparently, there was no further activity with regard to this matter in the common pleas court until October 3, 1985 when Wenitsky filed a supplemental brief in which he asserted that the Personnel Director

had upheld his discharge and that he had appealed that determination to the Civil Service Commission. Wenitsky stated in his brief that he anticipated that the Commission would rule against him and that, therefore, Wenitsky would eventually be filing another appeal in the common pleas court. Thus, Wenitsky requested that the common pleas court hold in abeyance his disability appeal until Wenitsky filed his appeal from the anticipated adverse determination of the Commission regarding his discharge at which time the two appeals could be consolidated. Wenitsky also attempted to rebut the arguments of the Commission in its original reply brief. Attached to Wenitsky's supplemental brief were two proposed orders, one directing that the disability appeal be held in abeyance until such time when consolidation of that appeal and the anticipated discharge appeal could be accomplished or until "[t]he granting of a Motion of either party setting forth a valid reason to reactivate the current disability appeal," and the other granting Wenitsky's disability appeal.

The Commission chose not to file a reply brief to the supplemental brief and indicated that fact in a letter dated November 7, 1985 to the prothonotary's office in the common pleas court. On November 14, 1985, the common pleas court signed Wenitsky's proposed order granting his disability appeal which had been stamped "uncontested." The Commission appealed and, in an opinion dated December 31, 1985, the court stated that Wenitsky's supplemental brief "raising new issues" had not been answered by the Commission and that, consequently, Wenitsky's proposed order was signed as uncontested. This appeal followed.

The Commission, citing Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b), argues that its decision regarding the Regulation 32 appeal must be upheld as the substantial evidence of record supports that decision.

Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b), indeed, requires that the common pleas court, which first hears the appeal, affirm the Civil Service Commission's adjudication unless it *finds* that the adjudication is in violation of the appellant's constitutional rights, is not in accordance with law, the procedure before the agency was contrary to statute, or that a necessary finding of fact is unsupported by substantial evidence.

The Commission was under no obligation to file a reply brief to Wenitsky's supplemental brief. It could choose not to file another reply brief, and it conceded nothing by so choosing. Wenitsky had an affirmative duty to prosecute the appeal he filed, and even a total failure by the Commission to file any brief would not eliminate that burden. *See Civil Service Commission of the City of Philadelphia v. Farrell,* 99 Pa. Commonwealth Ct. 631, 513 A.2d 1123 (1986). *See also Civil Service Commission v. Althea E. Rogers,* 103 Pa. Commonwealth Ct. 636, 520 A.2d 1264 (1987).

The common pleas court must review the record developed before the Commission, apply the scope of review set forth above, and issue a decision on the disability appeal which includes a discussion of the Commission's findings of fact and conclusions of law. Accordingly, this matter will be remanded to the common pleas court for a decision on the merits.

## ORDER

AND NOW, this 17th day of February, 1987, the order of the Philadelphia County Court of Common Pleas is vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.