535 A.2d 750

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* June Marie Vogt, Appellee.

516

Argued November 16, 1987, before Judges MAC-PHAIL and DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, for appellant.

*Frederick D. Lingle,* for appellee.

OPINION BY SENIOR JUDGE NARICK, January 14, 1988:

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals a Lycoming County Court of Common Pleas order which reversed DOT's decision to suspend the motor vehicle registration and operator's license of June Marie Vogt (Vogt). We reverse.

The relevant facts in this matter can be summarized as follows. On June 6, 1985, Vogt was driving a vehicle which was involved in an accident. On or about October 8, 1985, Vogt was advised by DOT that her operator's license and motor vehicle registration would be suspended pursuant to Section 1785 of the Vehicle Code, 75 Pa. C. S. §1785 because Vogt had failed to maintain financial responsibility on her motor vehicle.[1] On November 6, 1985, Vogt appealed the DOT suspension to the Court of Common Pleas of Lycoming County and on January 22, 1986 a hearing was conducted. DOT introduced in support of the suspension, the October 8, 1985 official notice of suspension, the accident report, and a certified copy of Vogt's driving record. The trial court ruled that the accident report was admissible for the limited purpose of showing that such a report was received by DOT in the ordinary course of business and that the certified copy of Vogt's driving record was admissible for the limited purpose of showing the basis for the action initiated by DOT against Vogt. At the hearing, DOT called Vogt as its only witness. After responding to DOT's preliminary questions regarding her name and address, Vogt invoked her Fifth Amendment right against self-incrimination. The trial court denied Vogt her right to exercise the Fifth Amendment and ordered her to continue testifying. Nevertheless, Vogt's attorney

---

[1] There were no criminal charges filed against Vogt as a result of the June 6, 1985 accident.

made a continuing objection on the record as to further questions.[2]

At the close of the hearing before the trial court, both parties were directed to submit briefs regarding the Fifth Amendment right to remain silent issue raised by Vogt. The trial court directed Vogt to submit a brief by February 3, 1986 and DOT to file a responsive brief on or before February 10, 1986. Vogt filed a timely brief; however, DOT failed to file a responsive brief. On February 25, 1986, the trial court issued an opinion and order concluding that DOT had abandoned the issue regarding Vogt's Fifth Amendment right against self-incrimination because it had failed to file a responsive brief. For this reason, Vogt's testimony was ordered stricken. The trial court opined that absent Vogt's testimony, DOT's proof was insufficient to prove that Vogt violated Section 1785 of the Vehicle Code. The trial court further reasoned that had it addressed the Fifth Amendment issue it would have ruled that Vogt did properly invoke her Fifth Amendment right to remain silent and therefore it was improper for Vogt to testify at the hearing before the trial court.

The first issue presented for our resolution is whether the trial court erred when it concluded that DOT waived the Fifth Amendment-self-incrimination issue

---

[2] Vogt, over the continuing objection of her attorney, did proceed to testify as to the following: she was the owner of a 1972 Chevrolet; she was operating the Chevrolet on June 6, 1985; during the course of the operation of the vehicle she had occasion to become involved in an accident with Amy Lynn Koch; that subsequent to the collision a police officer investigated the accident; that pursuant to the investigation, she supplied the officer with information as to her name; and that she advised the officer that she did not have insurance when he requested proof of insurance. Vogt further testified that Amy Lynn Koch received treatment at the Jersey Shore Hospital for bruises but went home that night. No further testimony was taken from Vogt.

by failing to submit a brief. It is provided in Pa. R.C.P. No. 126:

> The rules shall be *liberally* construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. *The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.* (Emphasis added.)

Thus, Rule 126 was adopted to allow courts the opportunity to waive or modify procedural rules to insure that justice is not denied litigants because of non-prejudicial procedural errors. *Haney v. Sabia,* 59 Pa. Commonwealth Ct. 123, 127, 428 A.2d 1041, 1043 (1981).[3]

In the case *sub judice,* Vogt, after taking the stand at trial, asserted her Fifth Amendment right to remain silent. There, Vogt had the burden of proving that she was indeed not required to testify pursuant to her Fifth Amendment rights. Although we do not condone DOT's actions, we cannot hold that DOT's failure to file the brief eliminated Vogt's affirmative duty to establish a right not to testify under the Fifth Amendment. *See Civil Service Commission of the City of Philadelphia v. Wenitsky,* 104 Pa. Commonwealth Ct. 47, 521 A.2d 80 (1987); *Civil Service Commission v. Rogers,* 103 Pa. Commonwealth Ct. 636, 520 A.2d 1264 (1987); *Civil Service Commission of the City of Philadelphia v. Farrell,* 99 Pa. Commonwealth Ct. 631, 513 A.2d 1123 (1986). Accordingly, the mere failure to file a brief by one party will not automatically result in a decision in favor of the other party. *Wenitsky; Rogers; Farrell; Bureau of Traffic Safety v. Vail,* 64 Pa. Commonwealth Ct.

---

[3] We should note that there was no violation of local rule relied upon by the trial court in reaching its conclusion.

243, 245 n. 5, 440 A.2d 651, 652 n. 5 (1982); *Haney.* In *Rogers,* this Court suggested that when an appellee fails to file a brief, a court's ability to sanction non-compliance is limited to suppressing a tardy brief or barring the appellee from argument.[4] 103 Pa. Commonwealth Ct. at 638, 520 A.2d at 1266. Therefore, we must conclude that it was error for the trial court to order Vogt's testimony to be stricken because DOT failed to submit a responsive brief.

However, the trial court went on to conclude that even if it were to address the Fifth Amendment issue, it would have ruled that Vogt did properly invoke her Fifth Amendment right to remain silent because her testimony might have subjected her to criminal prosecution. We disagree. The Fifth Amendment right against self-incrimination applies to both criminal and civil proceedings when a witness' testimony might later subject him to criminal prosecution. *See DeWalt v. Barger,* 490 Fed. Supp. 1262 (M.D. Pa. 1980). The general principle regarding a party's right to exercise the privilege conferred by the Fifth and Fourteenth Amendments is that this privilege can only be asserted when the witness is actually called upon to testify to self-incriminating facts. *See Commonwealth v. Bolger,* 229 Pa. 597, 79 A. 113 (1911) and *City of Philadelphia v. Fraternal Order of Police, Lodge No. 5,* 104 Pa. Commonwealth Ct. 187, 521 A.2d 517 (1987). In *Bolger,* the Supreme Court enunciated the following regarding a party's exercise of the privilege against self-incrimination:

> The constitution then confers upon every citizen the personal privilege of remaining silent whenever it reasonably appears that his testimony or declaration might result in self-incrimination.

---

[4] We note that because DOT was required to file a reply brief it was in a situation analogous to that of an appellee.

'The privilege is merely an option of refusal; not a prohibition of inquiry.' Wigmore . . . If a privilege, it may be asserted or waived at the choice of him who possesses it. If asserted, it must be when the time has arrived, when the conditions are present that make the exercise of the privilege reasonably necessary to secure the protection intended to be conferred. *And of these matters the witness is not the only and final judge* . . . 'To entitle a party called as a witness to the privilege of silence *the Court must see, from the circumstances of the case in the nature of the evidence which the witness is called to give, that there is reasonable ground to apprehend danger to the witness from his being compelled to answer;* although the fact of the witness being in danger be once made to appear, great latitude should be allowed to him in judging for himself the effect of any particular question . . .' 229 Pa. at 601-02, 79 A. at 115.

Thus, only when a witness is asked a question which requires an incriminating answer, may the witness assert the privilege against self-incrimination. *Fraternal Order of Police.* There must be reasonable cause for apprehension to respond to questions and the response to such questions must constitute an essential link in a chain of evidence by which guilt may be established or disclose facts which would in themselves establish guilt. *Commonwealth v. Carrera,* 424 Pa. 551, 227 A.2d 627 (1967). In the case at hand, Vogt asserts that her testimony if allowed might subject her to prosecution under Sections 3742 and 3744 of the Vehicle Code, 75 Pa. C. S. §§3742 and 3744. Sections 3742 and 3744 of the Vehicle Code deal with the duty of a driver of a motor vehicle involved in an accident to stop at the scene of the accident and to supply the investigating officer with his name, address, registration number and information relating to financial responsibility. There is nothing in

the record to indicate that Vogt would suffer possible prosecution from these or any other sections of the Vehicle Code. Accordingly, we cannot hold that Vogt was entitled to exercise her privilege against self-incrimination. Therefore, her testimony should not have been stricken from the record.

Lastly, we must address an additional issue presented by Vogt in her brief. Vogt contends that DOT failed to file a timely statement of the matters complained of on appeal pursuant to Pa. R. A. P. 1925(b). It is provided in Pa. R. A. P. 1925(b):

> *If the lower court is uncertain as to the basis for the appeal,* the lower court may by order direct the appellant forthwith to file a record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal. *A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.* (Emphasis added.)

In the case at hand, DOT was required to file its statement of the matters complained of by March 22, 1986 but did not file it until March 25, 1986. However, the trial judge had already filed his opinion on February 25, 1986. Therefore, the purpose of the statement of the matters complained of was not to advise the trial court of the basis for DOT's appeal. Accordingly, we will not hold that DOT has waived its objections to the order of the trial court filed February 25, 1986 and will dismiss Vogt's argument to this regard.

Therefore, for the reasons set forth herein, the order of the Court of Common Pleas of Lycoming County is hereby reversed.

### ORDER

AND NOW, this 14th day of January, 1988, the order of the Court of Common Pleas of Lycoming County in the above-captioned matter is hereby reversed.