618 A.2d 1254

COMMONWEALTH of Pennsylvania

v.

Gregory A. LUTZ, Appellant.

Commonwealth Court of Pennsylvania.

Argued Oct. 20, 1992.

Decided Dec. 29, 1992.

LaVerne Lair Sochats, for appellant.

Harold H. Cramer, Asst. Chief Counsel—Vehicle & Traffic Law Div., for appellee.

Before COLINS and KELLEY, JJ., and LORD, Senior Judge.

COLINS, Judge.

Gregory Lutz (Licensee) appeals an order of the Court of Common Pleas of Allegheny County (trial court), which dismissed his statutory appeal of a one year driver's license suspension imposed by the Department of Transportation (DOT) pursuant to Section 1547(b) of the Vehicle Code (Code), 75 Pa.C.S. § 1547(b), for refusal to submit to chemical testing.

On September 22, 1991, Officer James Sims (Officer Sims) of the Plum Borough Police was supervising a sobriety checkpoint on Route 366 in Plum Borough, Pennsylvania.. Officer Sims observed Licensee driving toward the checkpoint without

reducing the speed of his vehicle, in disregard of warning signs notifying drivers of the checkpoint and directing drivers to be prepared to stop. Officer Sims and other officers operating the checkpoint yelled to Licensee to stop, but Licensee continued moving and drove through the checkpoint, nearly striking a police officer. Immediately, Officer Sims entered a patrol car and pursued Licensee, stopping his vehicle one-quarter of a mile from the checkpoint. Officer Sims approached Licensee's vehicle and detected a strong odor of alcohol. Officer Sims asked Licensee to recite the alphabet, but Licensee was unable to get past the letter "G." Licensee was then placed under arrest for driving under the influence of alcohol.[1] Licensee was transported to the police station and asked to submit to a breath test. He was informed that his driver's license would be suspended for one year if he refused the breath test. Licensee refused to submit to the test.

Thereafter, DOT suspended Licensee's operating privilege for one year for refusing to submit to the breath test. Licensee appealed this suspension to the trial court, and a hearing was conducted. At the hearing, Licensee requested that the suspension hearing be continued until the underlying criminal charges were resolved. He argued that his Fifth Amendment rights would be violated by the hearing since any incriminating statements he made at the suspension hearing could be used against him in the pending criminal proceeding. The trial court refused to grant the continuance, and Licensee did not testify. Licensee wished to introduce the testimony of several witnesses who went through the same sobriety checkpoint as did the Licensee but were never stopped by the police. After a discussion with the trial court and DOT's counsel, the Licensee did not call these witnesses. The trial court dismissed Licensee's appeal, and this appeal followed.

Licensee raises three contentions: (1) the trial court erred in refusing to continue the suspension hearing until after the parallel criminal proceeding was concluded; (2) the trial court erred when it determined that the constitutionality of the police sobriety checkpoint was irrelevant to the issue of wheth-

1. Section 3731 of the Code, 75 Pa.C.S. § 3731.

er DOT's suspension of his license was valid; and (3) the trial court denied him a fair trial by excluding substantial and relevant evidence from the record, when it improperly limited his right to cross examine Officer Sims, and when it precluded the testimony of several of his witnesses.

Licensee contends that the trial court erred in denying his request to continue the suspension hearing, since there were pending criminal proceedings against him on the charge of driving under the influence of alcohol and his testimony would have jeopardized his Fifth Amendment privilege against self-incrimination.

■ The decision to grant a continuance is exclusively within the discretion of the trial court, and this Court will not disturb the trial court's determination in the absence of an apparent abuse of discretion. *Swoyer v. Department of Transportation*, 142 Pa.Commonwealth Ct. 1, 599 A.2d 710 (1990), *petition for allowance of appeal denied*, 527 Pa. 659, 593 A.2d 428, *cert. denied*, —— U.S. ——, 112 S.Ct. 332, 116 L.Ed.2d 273 (1991).

■ The privilege against self-incrimination is guaranteed by the Fifth Amendment to the United States Constitution and also by Article I, Section 9 of the Pennsylvania Constitution. The privilege protects a person from being compelled to testify against himself or herself in both criminal and civil proceedings, formal or informal, where the answers to questions might incriminate the person in future criminal proceedings. *Caloric Corporation v. Unemployment Compensation Board of Review*, 70 Pa.Commonwealth Ct. 182, 452 A.2d 907 (1982). When a witness desires to assert the privilege against self-incrimination, the burden is on the witness to show that he or she has a reasonable basis for asserting the privilege. *Department of Transportation, Bureau of Driver Licensing v. Vogt*, 112 Pa.Commonwealth Ct. 515, 535 A.2d 750 (1988). A witness can only assert the privilege when he or she is being asked to testify to self-incriminating facts, and "only when a witness is asked a question which requires an incriminating answer." *Id.* at 521, 535 A.2d at 753.

■ Holding an administrative hearing prior to the disposition of a criminal case arising from the same matter is not a *per se* violation of a defendant's privilege against self incrimination. *Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973); *Upsey v. Secretary of Revenue,* 193 Pa.Superior Ct. 466, 165 A.2d 267 (1960). Licensee, therefore, had the burden of proving to the trial court that he had a reasonable basis to invoke the privilege. *McDonough v. Department of Transportation, Bureau of Driver Licensing,* 152 Pa.Commonwealth Ct. 384, 618 A.2d 1258 (1992). The record reveals that Licensee did not take the witness stand and, accordingly, was never asked an incriminating question. Further, Licensee did not explain to the trial court how his testimony at the suspension hearing would prejudice him, except for the bald statement that his testimony would jeopardize his Fifth Amendment rights in the criminal case. Hence, because Licensee did not demonstrate that he had a reasonable ground to invoke his privilege against self-incrimination, we hold that the trial court did not abuse its discretion when it denied Licensee's request for a continuance. *Vogt.*[2]

■ Next, Licensee contends that the trial court erred in holding that the constitutionality of the police sobriety checkpoint had no bearing on the validity of the suspension of a driver's license for refusal to consent to chemical testing. He argues that the constitutionality of the roadblock is relevant, because the police had no lawful reason to stop and arrest

---

2. Licensee requested a continuance at the beginning of his hearing; however, the record does not show that he filed for a continuance prior to the date of the hearing. Pa.R.C.P. No. 216(C) requires the filing of a request for a continuance one week before trial, if the cause is known at the time of the publication of the trial list. We recognize that the rules of civil procedure are inapplicable to statutory appeals. *Appeal of the Borough of Churchill,* 525 Pa. 80, 575 A.2d 550 (1990). Nevertheless, in our view, Licensee's failure to file a request for a continuance prior to the hearing lends additional support to the trial court's decision to deny the continuance.

In addition, Licensee could have requested that the trial court limit DOT's questioning of him to issues relevant to his alleged refusal of the breath test. This would have rendered a continuance unnecessary, since Licensee could have testified without jeopardizing his Fifth Amendment rights. *See McDonough.*

him, and, thus, the police officer's request that he submit to chemical testing, was illegal. We disagree. In *Department of Transportation v. Wysocki,* 517 Pa. 175, 535 A.2d 77 (1987), our Supreme Court held that the constitutionality of a police roadblock is immaterial for the purpose of determining the validity of a license suspension under Section 1547 of the Code, 75 Pa.C.S. § 1547. DOT's authority to suspend a license for refusal to submit to chemical testing is not conditioned on the validity of an arrest, and the guilt or innocence of the motorist is not relevant in license suspension proceedings. *Id.* Therefore, we hold that the trial court correctly concluded that the constitutionality of the roadblock had no bearing on the validity of Licensee's suspension.[3]

Licensee contends that the trial court denied him a fair trial because it improperly excluded substantial and relevant evidence from the record. "Questions concerning the admission or exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal unless there is a clear abuse of discretion." *Labrador v. City of Philadelphia,* 134 Pa.Commonwealth Ct. 427, 431, 578 A.2d 634, 636 (1990).

Licensee first argues that the trial court excluded evidence from the record by denying him the right to thoroughly cross-examine Officer Sims. The record reveals that Licensee's counsel was questioning Officer Sims concerning the legality of the sobriety checkpoint, and, after DOT's counsel objected to that line of questioning, the trial court directed Licensee's counsel to proceed with a different line of questioning. However, the record also reveals that Licensee's counsel did not object to the trial court's decision in this matter; Licensee's counsel responded to the trial court's request by saying "okay" and entering into a new line of questioning. Therefore, in the absence of a specific objection to the trial court's decision to

3. The record shows that Licensee was not stopped at the checkpoint. The police stopped him after he ignored their order to pull over and drove through the checkpoint area, nearly striking a police officer. Licensee's behavior, in our view, constituted a reasonable ground for the police to suspect that he was in violation of the Code, and, therefore, the police had the authority to stop his vehicle. Section 6308(b) of the Code, 75 Pa.C.S. § 6308(b).

restrict the cross-examination of Officer Sims, we hold that this argument is waived. However, even if this argument was preserved for our review, because the legality of the checkpoint is irrelevant to the issue in this case, the trial court plainly did not abuse its discretion in restricting Licensee's cross-examination on this issue. *Wysocki.*

Further, Licensee argues that the trial court erred in "refusing" to allow him to introduce the testimony of several witnesses who would testify that the police did not stop them at the checkpoint. The dialogue between Licensee's counsel and the trial court was as follows:

[Trial Court] [D]o you still want to call the witnesses? It's up to you.

[Licensee's Counsel] No. I would only again state that they were not stopped and that they would also testify there was no lighting or other safety precautions at the checkpoint.

(Notes of Testimony, P. 24) Contrary to Licensee's assertion, the record clearly demonstrates that the trial court gave Licensee the option to call the witnesses in question and that Licensee *elected* not to introduce their testimony. Therefore, this argument is completely without merit.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 29th day of December, 1992, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

KELLEY, Judge, dissenting.

I respectfully dissent.

While it is generally conceded that it is discretionary whether or not to grant continuances wherein there is a pending criminal matter, in the present case, the civil and criminal proceedings arise from the same identical factual pattern. I believe this scenario goes to the heart of the constitutional question raised by the licensee in this case. This sentiment has been recognized in *Afro–Lecon, Inc. v. The United States,* 820 F.2d 1198 (Fed.Cir.1987) wherein it says:

Other than where there is specific evidence of agency bad faith or malicious governmental tactics, the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter.

*Afro–Lecon*, 820 F.2d at 1203.

The inherent difference of the burdens of proof between the criminal and the civil proceeding is such that, everything that would be offered and available in a civil proceeding would again be available in the criminal proceeding.

The licensee, in order to avail himself of the maximum amount of defense to the suspension of his or her license from the action of the department arising out of the very same underlying facts is, I believe, as a matter of law, entitled to constitutional protection.

Being compelled to testify in the civil proceeding if he or she wishes to avail himself of the maximum defense to the suspension of his or her license would amount to a violation of the constitutional right against self-incrimination.

Accordingly, I would reverse.