618 A.2d 1258

**Patrick J. McDONOUGH, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 20, 1992.

Decided Dec. 29, 1992.

Edward G. Shoemaker, for appellant.

Harold H. Cramer, Asst. Chief Counsel for Traffic Safety Law Div., for appellee.

Before COLINS and KELLEY, JJ., and LORD, Senior Judge.

COLINS, Judge.

Patrick J. McDonough (Licensee) appeals an order of the Court of Common Pleas of Allegheny County (trial court) which dismissed his statutory appeal of an order of the Department of Transportation (DOT) which suspended Licensee's driving privileges for one year pursuant to Section 1547(b) of the Vehicle Code (Code), 75 Pa.C.S. § 1547(b), for refusal to submit to chemical testing.

On March 15, 1991, Licensee was involved in a one car accident; Licensee crashed through a cable and wooden post guardrail and travelled down an embankment. Officer Regis Smith (Officer Smith) of the Shaler Township Police Department was dispatched to the accident scene. Upon arrival at the scene, Officer Smith proceeded to Licensee's vehicle and found Licensee in the driver's seat. Officer Smith asked Licensee if he was injured, and Licensee responded in the negative. At that point, the officer detected a strong odor of alcohol on Licensee's breath and, further, noticed that Licensee's speech was slurred. When questioned by Officer Smith, Licensee was unresponsive and looked at the officer with a blank stare. Officer Smith assisted Licensee in exiting his vehicle and walked him to the police cruiser. Officer Smith administered field sobriety tests to Licensee, which Licensee was unable to perform. Licensee was then placed under arrest for driving under the influence.

Licensee was transported to the police station where he was asked to submit to a breath test. Officer Brian Kelly (Officer Kelly), the intoxilyzer operator, explained to Licensee that he had no right to speak to an attorney or anyone else prior to submitting to chemical testing. Licensee repeatedly requested to speak to his attorney, and Officer Kelly repeatedly explained to the Licensee that he had no right to speak with an attorney prior to taking the test. Ultimately, Licensee was marked as refusing the breath test.

Thereafter, DOT notified Licensee that his operating privilege was suspended for one year pursuant to Section 1547 of the Code, 75 Pa.C.S. § 1547. Licensee filed a timely appeal of this suspension to the trial court. Prior to the hearing, Licensee filed a motion asking the trial court to continue the hearing on the suspension until the criminal trial on Licensee's driving under the influence charge was completed. Licensee argued that the continuance was necessary because he could not testify at the suspension hearing without waiving his privilege under the Fifth Amendment of the United States Constitution against self-incrimination. At the hearing, Licensee orally argued that the hearing should be continued. The trial court denied the continuance and proceeded to conduct the hearing. Licensee refused to testify, and the only testimony of record was of Officers Smith and Kelly. This appeal followed.

Licensee raises two issues for our review: (1) the trial court erred in dismissing his appeal because he had an obvious injury which impaired his ability to make a knowing and conscious refusal of the test; and (2) the trial court erred in refusing to continue the case pending the outcome of the related criminal prosecution, in order to protect his privilege against self-incrimination.

■ Licensee contends that his refusal was not knowing and voluntary, because the evidence indicates that he was obviously impaired by injuries sustained in the automobile accident. Before deciding the merits of this contention, we must reach a preliminary argument raised by Licensee. He argues that DOT failed to establish a prima facie case showing that he refused to submit to chemical testing in violation of Section 1547(b) of the Code, and, thus, *DOT* had the burden of proving that he was capable of making a knowing and conscious refusal. If DOT presents a prima facie case against a motorist under Section 1547(b) of the Code, the burden shifts to the motorist to prove that he was unable to take the test or make a knowing and conscious refusal of the test. *Department of Transportation, Bureau of Driver Licensing v. Rog-*

*ers,* 110 Pa.Commonwealth Ct. 453, 532 A.2d 935 (1987). A prima facie case is established if DOT proves the following:

1) [T]he defendant was placed under arrest upon the charge of driving while intoxicated, and the arresting officer had reasonable grounds to believe the defendant was driving while intoxicated; 2) that he was requested to submit to a breathalyzer test; and 3) he refused to do so.

*Ostrander v. Department of Transportation, Bureau of Driver Licensing,* 116 Pa.Commonwealth Ct. 243, 246, 541 A.2d 441, 442 (1988).

■ In the present case, we conclude that DOT did prove a prima facie case that Licensee refused the breath test. The record reveals that Officer Smith had reasonable grounds to believe Licensee was driving under the influence of alcohol: he was involved in an accident; Officer Smith detected alcohol on his breath; and he failed field sobriety tests. Furthermore, it is clear from the record that Licensee was asked to take a breath test and that he refused to consent to the test. Therefore, Licensee had the burden of proving that he could not make a knowing and conscious refusal of the breath test. *Rogers.*

■ Licensee asserts that he could not make a knowing and conscious refusal of the breath test because he suffered an obvious mental impairment as a result of the vehicle accident he was involved in prior to his arrest. He argues that the record demonstrates that he violently crashed through a guardrail and drove down an embankment; the record further shows that his mental alertness and physical skills were diminished after the accident. If the inability to make a knowing and conscious refusal is not obvious from the injuries inflicted on a motorist by an accident, the motorist must produce medical evidence to support the allegation that he or she was unable to make a knowing and conscious refusal. *Department of Transportation, Bureau of Driver Licensing v. Groscost,* 142 Pa.Commonwealth Ct. 36, 596 A.2d 1217 (1991). In the instant case, the record does not show that Licensee sustained any incapacitating injury that caused him to be obviously unable to make a knowing and conscious refusal of

the breath test. Licensee did not produce any medical evidence supporting his claim of incapacity. Therefore, we conclude that this contention must fail.

Licensee next contends that the trial court erred when it refused to continue the hearing on his license suspension in order to protect his right against self-incrimination. The decision to grant a continuance is exclusively within the discretion of the trial court, and we will not disturb a trial court's determination in this matter absent an apparent abuse of discretion. *Swoyer v. Department of Transportation*, 142 Pa.Commonwealth Ct. 1, 599 A.2d 710 (1990), *petition for allowance of appeal denied*, 527 Pa. 659, 593 A.2d 428, *cert. denied*, —— U.S. ——, 112 S.Ct. 332, 116 L.Ed.2d 273 (1991).

 The privilege against self-incrimination is guaranteed by the Fifth Amendment to the United States Constitution and by Article I, Section 9 of the Pennsylvania Constitution. The privilege against self-incrimination protects an individual from being called as a witness against himself or herself in both criminal and civil proceedings, formal or informal, where the answers to questions might incriminate the individual in future criminal proceedings. *Caloric Corporation v. Unemployment Compensation Board of Review*, 70 Pa.Commonwealth Ct. 182, 452 A.2d 907 (1982).[1] The privilege against self-incrimination can only be asserted when the witness is being asked to testify to self-incriminating facts and only when a witness is asked a question demanding an incriminating answer. *Department of Transportation, Bureau of Driver Licensing v. Vogt*, 112 Pa.Commonwealth Ct. 515, 535 A.2d 750 (1988). The witness has the burden of demonstrating that he or she has a reasonable ground for asserting the privilege. *Id.* Our Supreme Court stated in *Carrera:*

1. The privilege against self-incrimination, when invoked in a state proceeding, is governed by federal standards. *Commonwealth v. Carrera*, 424 Pa. 551, 227 A.2d 627 (1967). Further, the privilege embodied in the Pennsylvania Constitution does not expand upon the protection against self-incrimination afforded under the Constitution of the United States. *Commonwealth v. Fernandez*, 333 Pa.Superior Ct. 279, 482 A.2d 567 (1984).

When an individual ... is called to testify ... in a judicial proceeding, he or she is not exonerated from answering questions merely upon the declaration that in so doing it would be self-incriminating. It is always for the court to judge if the silence is justified, and an illusory claim should be rejected.

*Id.* 424 Pa. at 553, 227 A.2d at 629.

■ Licensee argues that the trial court's refusal to grant him a continuance placed him in a position of either waiving his right to a full and fair hearing or waiving his privilege against self-incrimination; thus, he was improperly forced to surrender his constitutional right to present a defense to the suspension in order to assert his privilege against self-incrimination. He claims that the trial court's refusal to grant a continuance under these circumstances is contrary to the rule articulated in *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). In *Simmons,* a criminal defendant was faced with the Hobson's choice of either testifying in support of a Fourth Amendment claim and, thereby, waiving his Fifth Amendment rights, or waiving his Fourth Amendment claim in order to protect his Fifth Amendment rights. The *Simmons* Court held that it was intolerable that the defendant should have to surrender one right to protect another and prohibited the defendant's testimony in support of his Fourth Amendment rights from being used against him at trial. In the present case, however, *Simmons* is inapplicable since the record does not demonstrate that Licensee was ever faced with the dilemma of choosing between his right to a full and fair hearing and protecting his privilege against self-incrimination.

■ Conducting an administrative hearing prior to the disposition of a criminal case arising from the same matter is not a *per se* violation of a defendant's privilege against self-incrimination. *Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973); *Upsey v. Secretary of Revenue,* 193 Pa.Superior Ct. 466, 165 A.2d 267 (1960). Licensee, therefore, was required to specifically show to the trial court how his privilege against self-incrimination would have been prejudiced by testi-

fying at the suspension hearing. Here, the record shows that the Licensee never took the witness stand and was never asked an incriminating question. Moreover, Licensee's counsel argued before the trial court as follows:

> I'm not saying there are Fifth Amendments here. I don't believe there are. But Mr. McDonough does have a right to a full and fair hearing, which includes a right to testify. But if he does testify, anything he says here can and will be used against him criminally, which would make him in effect waive his Fifth Amendment right in the criminal matter. (Emphasis added.)

In light of the above, Licensee's claim that his privilege against self-incrimination would have been prejudiced was purely speculative. He provided no basis for the trial court to decide whether he had a reasonable ground for asserting the privilege. Also, it is clear that Licensee's counsel was not even convinced that Licensee's testimony would present a Fifth Amendment issue. Therefore, we conclude that Licensee did not meet his burden of proving that he had a reasonable ground to invoke the privilege.

Furthermore, Licensee could have requested the trial court to restrict DOT's questioning of him to issues surrounding his alleged refusal of the breath test. This would have allowed Licensee to testify and protect his Fifth Amendment rights. Moreover, Licensee, without testifying himself, could have presented a defense by introducing evidence and cross-examining DOT's witnesses. *Upsey.* Hence, we conclude that Licensee was not placed in a situation requiring him to forfeit his right to a full and fair hearing.

Therefore, for all the above reasons, we hold that the trial court did not abuse its discretion in denying Licensee's request for a continuance.[2]

Accordingly, the order of the trial court is affirmed.

**2.** Licensee argues that the trial court should have granted him a continuance based on the rule in *Afro–Lecon, Inc. v. United States*, 820 F.2d 1198 (Fed.Cir.1987). *Afro–Lecon* holds that while the Constitution of the United States does not require a stay of civil proceedings pending the outcome of criminal proceedings, a court may, on a case by case

## ORDER

AND NOW, this 29th day of December, 1992, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

KELLEY, Judge, dissenting.

I respectfully dissent.

While it is generally conceded that it is discretionary whether or not to grant continuances wherein there is a pending criminal matter, in the present case, the civil and criminal proceedings arise from the same identical factual pattern. I believe this scenario goes to the heart of the constitutional question raised by the licensee in this case. This sentiment has been recognized in *Afro–Lecon, Inc. v. The United States,* 820 F.2d 1198 (Fed.Cir.1987) wherein it says:

> Other than where there is specific evidence of agency bad faith or malicious governmental tactics, the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter.

*Afro–Lecon,* 820 F.2d at 1203.

The inherent difference of the burdens of proof between the criminal and the civil proceeding is such that, everything that would be offered and available in a civil proceeding would again be available in the criminal proceeding.

The licensee, in order to avail himself of the maximum amount of defense to the suspension of his or her license from the action of the department arising out of the very same underlying facts is, I believe, as a matter of law, entitled to constitutional protection.

basis, stay civil proceedings in order to protect a defendant's privilege against self-incrimination. This case, however, was decided in the Federal Circuit, and, in the absence of United States Supreme Court precedent or Third Circuit precedent in accord with *Afro–Lecon,* we decline to follow it. *Schreiber v. Republic Intermodal Corporation,* 473 Pa. 614, 375 A.2d 1285 (1977).