SHARP, W., J.
Hinman seeks certiorari review of a circuit court’s denial of his petition for writ of certiorari to quash the suspension of his driving privileges by the Department of Highway Safety , and Motor Vehicles (“Department”). He argues that the circuit court departed from, basic-.constitutional principles of law because its ruling put him in the position of having to choose between testifying at his license suspension hearing and his right to remain silent in a subsequent criminal proceeding. We deny the writ.
In this case, Hinman was arrested for driving under the influence.[1] He submitted to and failed a breath test. The Department suspended his driving privileges based on the test results. Hinman then *316 sought a formal hearing to review the suspension of his license. He also filed a motion to abate the hearing because the administrative hearing would take place before the criminal proceeding which arose out of the arrest, and he sought to protect his right against self-incrimination. The Department denied' the motion to abate, and after a hearing, the license suspension was upheld.
At the same time he filed his motion to abate, Hinman sought an injunction from the circuit court to stay the license suspension hearing. Thereafter Hinman sought certiorari relief in the circuit court, asserting that by denying his motion to abate, the Department placed his Fifth Amendment rights in jeopardy. The circuit court denied the writ on the grounds that the conduct of the administrative proceeding did not violate Hinman’s Fifth Amendment rights, citing McDonough v. Commonwealth of Penna, Dept. of Transportation, 152 Pa. Cmwlth. 384, 391, 618 A.2d 1258, 1261 (1992), and that Hinman failed to show how he would be prejudiced by testifying at the administrative hearing, citing Nordvick v. Commissioner of Public Safety, 610 N.W.2d 659 (Minn.Ct.App.2000).
Section 322.2615(l)(a), Florida Statutes, authorizes the Department to suspend a person’s driver’s license when it determines the. person was arrested for DUI. The person may request formal review of the suspension decision, which includes an evidentiary hearing. See § 322.2615(6)(a), Fla. Stat.
Florida Administrative Code Rule 15A.6013(5) provides:
The driver shall have the right to present evidence relevant to issues, to cross-examine opposing witnesses, to impeach any witness and to rebut any evidence presented against the driver.
Section 322.2615(14), Florida Statutes, provides:
[T]he decision of the department under this section shall not be considered in any trial for a violation of s. 316.193, nor shall any written statement submitted by a person in his or her request for departmental review under this section be admissible into evidence against him or her in any such trial.
The statute provides protection from the use of a person’s written statements against him or her, in subsequent proceedings. However, it is silent regarding the subsequent use of testimony given orally at the hearing. Section 322.2615, Florida Statutes, took effect October 10, 1990.. But it appears no Florida court has ruled on this specific question.
The Department argues that because a defendant is not required to testify at the administrative hearing, no Fifth Amendment violation is involved. Further, the Department claims the testimony could not be used against Hinman at a subsequent criminal trial because his testimony is part of the hearing officer’s decision. Section 322.2615(14) provides “the decision of the department under this section shall- not be considered in any trial for a violation of s. 316.193....”
Like the defendant in McDonough, Hin-man was faced with an administrative hearing prior to the disposition of a criminal proceeding, involving the same incident or arrest. However, he was not compelled to testify at the administrative hearing. The Fifth Amendment right against self-incrimination evolved as a protection for an individual from being compelled to give testimony in both civil and criminal proceedings, formal or informal, where the answers to questions might be incrimina,-ting. See 3 LaFave, Criminal Procedure § 8.14 (1999).
In Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), *317 the Court held that if damaging admissions made by a defendant in support of a motion to suppress could be used against ■ him, the defendant would be forced to choose between exercising one of two constitutional rights: • the right to remain silent; and the right to be free from unlawful searches and seizures. Such a quandary would have an imper-missibly chilling effect on a defendant’s exercise of his constitutional rights. However, that case was distinguished in State v. Palmore, 510 So.2d 1152 (Fla. 8d DCA 1987) (Baskin, J., dissenting), where the court reviewed an order suppressing for trial a defendant’s statements made in an earlier hearing on a motion to dismiss. It concluded a defendant does not have a constitutionally protected right to make a motion to dismiss. Thus the defendant was not required to choose between two constitutional rights.
We conclude that no Fifth Amendment right was involved in the administrative hearing. Thus, a person being subsequently prosecuted for DUI has no right to stay the license suspension hearing. It also follows that any voluntary statements made by the person at the license suspension hearing have no Fifth Amendment protection. Their only protection stems from the provisions of the statute referenced above.
Petition for Writ of Certiorari DENIED.
PETERSON and SAWAYA, JJ., concur.

. § 316.193(l)(a), Fla. Stat.