513 A.2d 1123

Civil Service Commission of the City of Philadelphia, Appellant *v.* James J. Farrell, Appellee.

Submitted on briefs June 9, 1986, to Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Ralph J. Teti,* Divisional Deputy City Solicitor, with him, *Barbara W. Mather,* City Solicitor, for appellant.

*Edward Reif,* for appellee.

OPINION BY JUDGE CRAIG, August 13, 1986:

The Civil Service Commission of the City of Philadelphia appeals from an order of the Court of Common Pleas of Philadelphia County which reversed the commission's final decision affirming the dismissal of James J. Farrell from employment with the police department for participating in a fraud by accepting employment and salary as a detective under false pretenses.

After Farrell had initially appealed the commission's first affirmance of his dismissal, the court of common pleas, by order dated December 21, 1982, remanded the case to the commission to receive additional evidence. After conducting the remand hearing, the commission, on June 2, 1983, again sustained the dismissal, and Farrell again timely appealed to the common pleas court.

On January 24, 1985, Farrell filed a brief in support of that appeal. Despite an order of the common pleas court, dated February 7, 1985, ordering the City of Philadelphia Law Department to respond to Farrell's brief by motion or reply brief within forty days from the date of the court's order, *i.e.,* by March 19, 1985, the City Law Department failed to respond until May 8, 1985, one day before the court was to hear arguments in the case. Consequently, because of the city's tardiness, the court precluded the commission from presenting ar-

gument and sustained the appeal. The court of common pleas essentially entered a default judgment against the commission because of its late brief filing. Afterward, the commission filed a petition for reconsideration which the court denied.

A court reviewing a matter on appeal from a local agency must affirm the agency where, as here, a complete record was developed before the local agency, unless the court has determined that constitutional rights were violated, an error of law was committed, the procedure before the agency was contrary to statute, or that a necessary finding of fact was unsupported by substantial evidence. *In Re Appeal of Daniel McClellan,* 82 Pa. Commonwealth Ct. 75, 475 A.2d 867 (1984).

Here the commission contends that the common pleas court erred by sustaining the appeal solely because the commission was untimely in filing its brief, without any consideration of the merits.

Before the common pleas court, Farrell, as the moving party, had an affirmative duty to prosecute the appeal. Even a total failure by the commission to file a brief, or to appear for argument, or otherwise to counter Farrell's burden, would not have eliminated that affirmative duty. Any such failure by the commission to defend against the appeal would not, in itself, work any injustice upon the moving party; at most, a failure to defend against an appeal provides a moving party with a tactical advantage, to the extent that the moving party is thereby enabled to proceed as if *ex parte.*

Referring to the Rules of Appellate Procedure by way of analogy, we note that, where an appellee fails to file a brief within the time prescribed, the appeal is not decided by default as is the case with respect to such a failure by the moving party, but the court instead may undertake to bar the appellee from participating in argument. Pa. R.A.P. 2188. Similarly, with respect to fail-

ure to appear for argument, the appellate rules describe such a failure as a basis for disposition of the appeal only where the moving party is the one not ready to proceed. Pa. R.A.P. 2314.

Thus, in the present situation, the common pleas court should have reviewed the record and decided the case on the merits instead of sustaining the appeal by virtue of the default of the party who was then appellee. In so deciding, we do not negate the power of the common pleas court to suppress a tardy brief or to bar the commission from argument because of its noncompliance with the court's order.

We vacate the decision of the common pleas court and remand this case for a decision on the merits.

ORDER

Now, August 13, 1986, the order of the Court of Common Pleas of Philadelphia County, at No. 1448 June Term 1983, is hereby vacated and the matter remanded for a decision on the merits.

Jurisdiction relinquished.