**CITY OF PITTSBURGH, Appellant,**

v.

**Edna KISNER.**

Commonwealth Court of Pennsylvania.

Argued Nov. 1, 1999.

Decided Feb. 15, 2000.

---

Dale A. Cable, Pittsburgh, for appellant.

Michael Steven Sherman, Pittsburgh, for appellee.

Before PELLEGRINI, J., FLAHERTY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The City of Pittsburgh (City) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) that reversed the arbitrator's decision de-

nying Detective Edna Kisner's (Claimant) petition seeking Heart and Lung Act benefits.[1] The City presents three issues for our review. First, whether Claimant timely filed a notice of appeal with the trial court, second, whether the trial court exceeded its standard of review, and third, whether the trial court properly determined that Claimant sustained an injury in the performance of official duties. Because the trial court clearly exceeded its standard of review, we reverse.

Claimant became an officer with the Pittsburgh Police Department in 1980 and worked in a various capacities prior to her most recent assignment with the payroll department in the Investigations Branch. In April 1995, the City initiated an investigation into suspected overtime abuse within the Pittsburgh Police Department. The local media carried reports regarding the investigation and specifically identified Claimant as a target. On May 17, 1995, Claimant was arrested and charged with theft for her alleged overtime abuse. The charges against Claimant were dismissed when the district attorney could not produce sufficient evidence to sustain the charge. Thereafter, on August 14, 1995, the Pittsburgh Police Department terminated Claimant's employment despite the fact that the theft charges were dismissed. On June 7, 1996, Claimant was reinstated to her position as a police officer with full back pay and benefits after successfully pursuing grievance arbitration independent of the instant action.

As a result of the investigation, media exposure and the effort to regain her job, Claimant began to experience depression for which she sought psychiatric treatment. Claimant's treating psychiatrist, Dr. Victor R. Adebimpe, concluded that Claimant suffered from deep depression related to her work environment. On July 3, 1995, Claimant filed a petition for Heart and Lung Act disability benefits after Dr. Adebimpe removed her from work. At the arbitration hearing,[2] Claimant presented her own testimony and the testimony of Dr. Adebimpe. The City presented the testimony of Carla Gedman, the City employee who conducted the overtime abuse investigation and also the testimony of Dr. Stuart S. Burstein who performed a psychiatric independent medical examination (IME) of Claimant.

By decision and order dated January 2, 1998, Arbitrator Morgan discredited the testimony presented by Claimant and denied her claim petition. On appeal, the trial court determined that the tape recording of the proceedings below had been erased, which necessitated a remand for the purpose of developing a record for review. On remand, the case was assigned to Arbitrator Parkinson following Arbitrator Morgan's recusal. Both parties again presented their witnesses. Dr. Adebimpe testified that Claimant suffered from major depression attributable to the unusual stress of being investigated for criminal activity by her employer. Conversely, Dr. Burstein testified that while Claimant did

1. Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637–638.

2. While not an issue before us, we note that the General Assembly did not vest jurisdiction to adjudicate Heart and Lung Act benefits in any specific tribunal. 53 P.S. §§ 637–638. In *Wisniewski v. Workers' Compensation Appeal Board (City of Pittsburgh),* 153 Pa. Cmwlth. 403, 621 A.2d 1111, 1114 (1993), this Court delineated an array of tribunals that we have sanctioned as proper forums to adjudicate Heart and Lung Act claims. Though not an exclusive list, the tribunals sanctioned to conduct the requisite due process Heart and Lung Act hearing include the Board of Claims, the State Police Heart and Lung Panel, an arbitration panel, a court of common pleas, a local civil service commission and a local municipality. *Wisniewski,* 621 A.2d at 1114, 1115. Curiously, the Workers' Compensation Appeal Board, an agency with vast experience in adjudicating work injury claims, does not possess jurisdiction to conduct a Heart and Lung Act hearing. *Id.* Accordingly, Claimant properly brought this matter before the arbitrator for the sole purpose of resolving her Heart and Lung Act petition and not for the purpose of addressing a union contract issue.

suffer from an adjustment disorder for a period of time following the investigation, at the time of the IME Claimant no longer exhibited any psychological maladies. Thereafter, Arbitrator Parkinson issued a decision denying Claimant's petition upon finding the testimony of Claimant and Dr. Adebimpe not credible. Arbitrator Parkinson found the testimony of Carla Gedman credible and credited Dr. Burstein's testimony to the extent that he concluded that Claimant is fully capable of returning to work. Arbitrator Parkinson rejected that portion of Dr. Burstein's testimony where he concluded that Claimant had suffered from an adjustment disorder for a limited period because Dr. Burstein had relied upon Claimant's discredited history in reaching this diagnosis. Claimant appealed to the trial court, which reversed upon concluding that substantial evidence did not exist to support Arbitrator Parkinson's decision.

On appeal to this Court,[3] the City first argues that Claimant failed to timely file a notice of appeal with the trial court. Specifically, the City contends that Claimant's filing of a Praecipe for Hearing Date is insufficient to toll the time limitation set forth in 42 Pa.C.S. § 5571, which provides that "an appeal from a tribunal or other government unit to . . . an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken. . . ." The City further asserts that "[b]ased upon the Judicial Rules of Appellate Procedure, the Claimant had 30 days to file an appeal document." (City's Brief at 18) (emphasis in original).

■ Initially we note that Pa. R.A.P. 103:2 specifies that the Rules of Appellate Procedure (Rules) only apply to Pennsylvania's three appellate courts, i.e., the Supreme, Superior, and Commonwealth Courts. The Rules do not apply to a court

of common pleas vested with jurisdiction to decide an appeal from local agency adjudication unless that court has specifically adopted the Rules. See 1 G. Ronald Darlington, et al., Pennsylvania Appellate Practice, § 103:2 (2d ed.1998). Furthermore, the Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754, does not specify the form or content that a notice of appeal from a local agency adjudication should take. In situations where the appeal procedure is not defined by statute, regulation, or appellate rule, the local court rules provide the primary source of instruction. See Appeal of Borough of Churchill, 525 Pa. 80, 575 A.2d 550 (1990). However, in the case sub judice, the City does not cite, and the record does not reflect, any local court rule that delineates the form or content of a notice of appeal from a local agency proceeding. Under such circumstances, the Supreme Court has stated that such points of procedure are best left to the sound discretion of the trial court. Id. at 84, 575 A.2d at 552.

■ Our review of the record reveals that there is no dispute regarding Claimant's filing of a Praecipe for Hearing Date within the 30–day limitation period following issuance of Arbitrator Parkinson's decision and order. Moreover, Claimant filed the Praecipe for Hearing Date following the second round of arbitration proceedings conducted for the specific purpose of developing a record to facilitate appellate review as directed by the trial court's remand order dated March 11, 1998. Accordingly, we do not find reversible error in the trial court's discretionary determination to accept the Praecipe for Hearing Date as clear evidence of Claimant's intent to appeal the outcome of the arbitration proceedings.

■ The City next argues that the trial court exceeded its standard of review by engaging in an impermissible re-examina-

---

**3.** Appellate review of a local agency administrative order is limited to determining whether necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. Section 754(b) of the Administrative Agency Law, 2 Pa.C.S. § 754(b).

tion of the evidence and credibility determinations of Arbitrator Parkinson. We agree. Rather than defining its appellate role in terms of the standard of review set forth in Section 754(b) of the Administrative Agency Law,[4] the trial court stated that: "[t]he question for this court is whether [Claimant] is in fact psychologically disabled, and to what extent that disability remains." (Trial Court Decision and Order, February 17, 1999, at 4). By framing the issue in this manner the trial court conveyed a clear intent to re-weigh the evidence in an effort to revisit the issue of disability, which is precisely what was done. In order to reach the outcome it believed correct, the trial court exceeded its appellate authority by engaging in an extensive and impermissible review of Arbitrator Parkinson's credibility determinations. *Gwinn v. Pennsylvania State Police*, 668 A.2d 611 (Pa.Cmwlth.1995) (the case law is clear that, with respect to Pennsylvania's administrative agency proceedings, the fact finder is the sole arbiter of witness credibility, including medical expert witnesses). The trial court nullified these credibility determinations on the basis that the testimony of both medical experts indicated that during a period following the criminal investigation Claimant suffered from work-induced depression. The trial court reasoned that such agreement between opposing experts amounted to a stipulation by the parties that Arbitrator Parkinson was bound to accept. This simply is not the law. *Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A.2d 668 (1968) (the trier of fact is not required to accept uncontradicted testimony as true); *Adamo v. Workmen's Compensation Appeal Board (Jameson Memorial Hospital)*, 87 Pa.Cmwlth. 207, 486 A.2d 1065 (1985) (medical evidence need not be believed simply because the evidence was competent). The trial court did not cite nor are we aware of any legal precedent stating that similar testimony offered by opposing parties is transformed into a binding stipu-

lation. It has long been settled that a trier of fact is free to credit or discredit testimony, including medical testimony, in whole or in part. *Gwinn*, 668 A.2d at 614; *Hills Department Store # 59 v. Workmen's Compensation Appeal Board (McMullen)*, 166 Pa.Cmwlth. 354, 646 A.2d 1272 (1994); *Continuous Metal Technology, Inc., v. Unemployment Compensation Board of Review*, 740 A.2d 1219 (Pa. Cmwlth.1999). The fact that Arbitrator Parkinson chose to discredit all testimony pertaining to Claimant's psychological injury only resulted in Claimant's failure to carry her burden of proving that she sustained an injury in the performance of her duty as a police officer. *See Allen v. Pennsylvania State Police*, 678 A.2d 436 (Pa.Cmwlth.1996). The trial court in its appellate capacity had no authority to re-examine the Arbitrator's binding credibility determinations.

The role of a trial court exercising its appellate function in reviewing a complete record developed in a local agency proceeding is limited to determining whether the record contains substantial evidence supporting the determinations of the trier of fact, whether the procedure before the agency was contrary to statute, whether constitutional rights were violated or whether an error of law was committed. *Sparacino v. Zoning Board of Adjustment, City of Philadelphia*, 728 A.2d 445, 447 (Pa.Cmwlth.1999). Substantial evidence has been defined as such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Jordan v. Workers' Compensation Appeal Board (Consolidated Electrical Distributors)*, 550 Pa. 232, 704 A.2d 1063 (1997). Our review of the record under the substantial evidence standard reveals that once Arbitrator Parkinson discredited all testimony supporting Claimant's psychological injury claim, a reasonable mind could certainly conclude that she failed to carry her burden of proving an injury sustained in the performance of official

4. 2 Pa.C.S. § 754(b). See footnote three.

police duties pursuant to § 1 of the Heart and Lung Act, 53 P.S. § 637. The trial court clearly would have reached a different result based on the record evidence if it were the trier of fact. However, given the trial court's appellate role, standard of review and the nature of the record, the proper result would have been to affirm Arbitrator Parkinson's order.

Accordingly, we reverse the trial court's order and reinstate Arbitrator Parkinson's decision and order. Having reversed the trial court's order, we need not reach the City's third issue concerning whether Claimant was injured in the performance of official police duties.

### ORDER

AND NOW, this 15th day of February, 2000, the order of the Court of Common Pleas of Allegheny County dated February 17, 1999 is hereby reversed, and the arbitrator's decision and order dated October 19, 1998 is reinstated.