Powelton Village Civic Association    :
and Robert Roomet and Richard Lowe   :
and Carolyn Healy and John Phillips    :
and Marilyn Taylor and Mark Brack    :
and Steve Bell and Joan White       :
and Donald White,               :
              Appellants   :
                       :
        v.                :
                       :
Philadelphia Zoning Board of      :
Adjustment and City of Philadelphia and:  No. 355 C.D. 2015
AT&T Wireless              :  Submitted: October 6, 2015

BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
             HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                 FILED: January 27, 2016

         Powelton Village Civic Association, Robert Roomet, Richard Lowe, Carolyn Healy, John Phillips, Marilyn Taylor, Mark Brack, Steve Bell, Joan White and Donald White (collectively, Powelton) appeal from the Philadelphia County Common Pleas Court's (trial court) February 4, 2015 order granting AT&T Wireless' (AT&T) motion to quash Powelton's appeal (Motion to Quash). There are three issues for this Court's review: (1) whether the trial court abused its discretion by quashing Powelton's appeal after Powelton was granted additional time to file its brief, but the order granting the additional time set a due date that had already occurred by the time the order was docketed; (2) whether the trial court violated Powelton's procedural due process rights by granting AT&T's Motion to Quash; and

(3) whether the trial court erred by granting AT&T's Motion to Quash, which cited Powelton's failure to file a brief or a motion for additional time to file its brief, since Powelton subsequently filed a motion for additional time to file its brief.

On January 17, 2014, AT&T applied to the Philadelphia Department of Licenses and Inspections (L&I) seeking a zoning/use registration permit for the installation of wireless telecommunications antennas in a church bell tower and the erection of an equipment shed on the property. On February 4, 2014, L&I refused the application on the basis that the proposed use required a special exception and because the proposed use violated the Philadelphia Zoning Code.

On March 5, 2014, AT&T filed an application for special exception. The following day, AT&T filed an appeal from L&I's February 4, 2014 refusal to the Philadelphia Zoning Board of Adjustment (ZBA). At an April 23, 2014 hearing, all parties appeared and offered evidence. On that same date, the ZBA issued its final determination approving the proposed use with the restriction that no further wireless antennas be located at the site, and weekly testing of the site's generator be made during daylight hours.

On May 23, 2014, Powelton appealed from the ZBA's final determination to the trial court. AT&T filed a praecipe to intervene.

On July 31, 2014, the trial court issued a scheduling order requiring the ZBA's record to be filed by September 2, 2014, Powelton's brief to be filed by October 6, 2014, and the ZBA's brief to be filed by November 3, 2014. The ZBA did not timely file the record. Instead, on September 13, 2014, the ZBA filed its findings of fact and conclusions of law with the trial court. On September 28, 2014, the ZBA filed the remainder of the record. Thereafter, on October 6, 2014, due to the late filing of the certified record, the ZBA filed a motion for extraordinary relief to extend the brief filing deadlines. On October 21, 2014, the trial court granted the ZBA's motion for extraordinary relief (October 21, 2014 Order). The trial court

2

rescheduled oral argument for December 23, 2014, required Powelton's brief to be filed by November 12, 2014 and the ZBA's brief to be filed by December 12, 2014. Powelton did not file its brief by November 12, 2014.

On December 12, 2014, AT&T filed its Motion to Quash, wherein, it alleged that Powelton's brief was due on November 12, 2014, and that Powelton had not filed a brief or a motion to extend the briefing deadlines. AT&T further averred that Powelton's inaction had prolonged the zoning appeal and constituted failure to prosecute. Powelton did not file an answer to AT&T's Motion to Quash.

On December 16, 2014, Powelton's attorney, David Orphanides (Orphanides), filed a motion for extraordinary relief (Motion for Extraordinary Relief) alleging that due to "issues . . . leading up to the scheduled due date of [the birth of Orphanides'] next child [had arisen], and [Orphanides] was thus unable to file [Powelton's] brief by the date provided for in [the trial court's] October 21, 2014 [O]rder." Reproduced Record at 78a. Powelton explained in the Motion for Extraordinary Relief that AT&T had been contacted and did not oppose the motion. Powelton's Motion for Extraordinary Relief contained a proposed order providing that Powelton file a brief by December 31, 2014, and that the ZBA and AT&T file briefs by January 31, 2015.[1]

---

[1] By January 7, 2015 letter (January 7, 2015 Letter), AT&T notified the trial court that on December 29, 2014, it had agreed to a revised proposed order requiring Powelton's brief to be filed by January 9, 2015, and requested the trial court to quickly approve the Motion for Extraordinary Relief to avoid yet another extension request from Powelton. The January 7, 2015 Letter also explained that Orphanides had informed AT&T by December 23, 2014 email that he had appeared before the trial court earlier that day, without notice to AT&T, regarding the Motion for Extraordinary Relief. Although Powelton included the January 7, 2015 letter in its reproduced record and argues in its brief that the letter supports its position, the letter does not appear in the trial court's certified record and, thus, we may not consider it. *See Kochan v. Dep't of Transp., Bureau of Driver Licensing*, 768 A.2d 1186, 1189 (Pa. Cmwlth. 2001)(citation omitted) ("Only items which are part of the certified record may be considered by an appellate Court. A document does not become part of the certified record by the mere expedient of including it in the reproduced record.").

3

By January 8, 2015 order (January 8, 2015 Order), docketed on January 12, 2015, the trial court granted Powelton's Motion for Extraordinary Relief, ordering that **Powelton's brief** was **due on January 9, 2015,** and the **ZBA and AT&T's briefs were due on February 17, 2015.** On February 2, 2015, based on its erroneous belief that "[Powelton's] brief is due [February 17, 2015,]" the trial court denied AT&T's Motion to Quash. By February 4, 2015 order (February 4, 2015 Order), the trial court vacated its February 2, 2015 order, granted AT&T's Motion to Quash and quashed Powelton's appeal.[2] Powelton appealed to this Court.[3]

In its brief to this Court,[4] Powelton contends that the trial court abused its discretion in granting AT&T's Motion to Quash because Powelton was unable to submit its brief, given that the trial court's January 8, 2015 Order set a briefing deadline for a date earlier than the date on which the order was docketed. We disagree.

Initially, we note that the ZBA is a local agency under the Administrative and Local Agency Laws. *See* 2 Pa.C.S. § 101 (definitions).[5] This Court has explained that:

> The Local Agency Law provides for an appeal from the [local agency's] determination to the trial court. 2 Pa.C.S. § 752. Where, as here, a full record was made before the local agency, the trial court hears the appeal on the record certified by the agency. 2 Pa.C.S. § 754(b). Section 701(a)

---

[2] Notably, despite filing an appeal on May 27, 2014 challenging the ZBA's decision, Powelton never filed a brief with the trial court during the nine months the matter was pending.

[3] "This Court's standard of review of the trial court's order granting a motion to quash plaintiff's appeal is limited to whether the trial court committed an error of law, an abuse of discretion, or a violation of constitutional rights." *Ray v. Brookville Area Sch. Dist.*, 19 A.3d 29, 31 n.3 (Pa. Cmwlth. 2011).

[4] Powelton was also unable to timely file its brief to this Court and, accordingly, requested an extension of time to do so.

[5] "Local agency" is defined as "[a] government agency other than a Commonwealth agency." 2 Pa.C.S. § 101.

of the Judicial Code gives the trial court, when sitting as an appellate court, appellate jurisdiction. 42 Pa.C.S. § 701(a); *see Shattuck v. Zoning Hearing B[d.] of Warren C[nty.], . . . . 501 A.2d 319, 322 (Pa. Cmwlth. 1985)* (stating that in an appeal from a local agency decision, the trial court 'function[s] as an appellate court').

However, the Pennsylvania Rules of Appellate Procedure do not apply to a trial court acting as an appellate court while hearing a local agency appeal unless the county where that trial court sits has specifically adopted the Pennsylvania Rules of Appellate Procedure. *City of Pittsburgh v. Kisner*, 746 A.2d 661, 664 (Pa. Cmwlth. 2000). Here, in Philadelphia County, the Pennsylvania Rules of Appellate Procedure have not been explicitly adopted. Thus, the Philadelphia County Rules of Civil Procedure provide the basic framework for appeals from local agencies. *Id*. Phila. Civ. R. No. 320 provides in pertinent part as follows:

 (A) **Applicability**. The Prothonotary shall maintain a special docket for appeals from the determinations of state and local agencies ('statutory appeals'). Statutory appeals (and matters ancillary thereto) shall be presented to and determined by the supervising Judge of Appeals ('Supervising Judge').

(B) **Manner of Taking Appeal**. An appeal may be commenced by filing a Notice of Appeal with the Prothonotary.

* * *

(C) **Procedure on Appeal**. The Supervising Judge shall publish a standing case management order for each agency whose determinations are appealed on a regular basis ('agency-specific order'). For agencies whose determinations are seldom appealed, the Supervising Judge shall publish a standing order of a generic nature. The Prothonotary shall provide appellant(s) with an agency-specific (or generic) standing order whenever a notice of appeal is filed.

5

> Every appeal (and matter ancillary thereto) shall be governed by the aforesaid standing order and any supplemental order, which may be issued by the Supervising Judge.

*King v. City of Phila. Bureau of Admin. Adjudication*, 102 A.3d 1073, 1076-77 (Pa. Cmwlth. 2014). Noting that a moving party has an affirmative duty to pursue its appeal, the *King* Court further stated:

> Although not strictly bound by the Pennsylvania Rules of Appellate Procedure, the trial court, acting as an appellate court, may look to the Pennsylvania Rules of Appellate Procedure for guidance and such points of procedure are best left to the sound discretion of the trial court. Pa. R.A.P. 2188 provides that [i]f an appellant fails to file his . . . brief . . . within the time prescribed by these rules . . . an appellee may move for dismissal of the matter.
>
> . . . . **[L]ocal courts are entitled to impose sanctions for noncompliance with procedural rules and such determinations will not be disturbed absent an abuse of discretion.**

*Id.* at 1077 (quotation marks and citations omitted; emphasis added).

In the instant matter, the trial court issued its initial scheduling order on July 31, 2014, but due to the ZBA's delay in providing the original record, on October 21, 2014, the trial court extended the briefing deadlines. Importantly, the October 21, 2014 Order required Powelton's brief to be filed by November 12, 2014. Powelton admits that it received the October 21, 2014 Order, but Powelton did not file a brief on or before November 12, 2014. In fact, Powelton, the party with the burden of prosecuting its appeal, filed nothing with the trial court until four days after AT&T filed its Motion to Quash on December 12, 2014. Then, on December 16, 2014, thirty-four days after its brief was due, Powelton filed its Motion for Extraordinary Relief seeking a briefing deadline extension until December 31, 2014. Despite requesting a December 31, 2014 briefing deadline in its Motion for

Extraordinary Relief, Powelton did not file its brief by December 31, 2014, while awaiting the trial court's decision on its motion.

On January 8, 2015, fifty-seven days after Powelton's brief was due, the trial court granted Powelton's unopposed Motion for Extraordinary Relief, extending Powelton's deadline to file a brief until January 9, 2015. The January 8, 2015 Order was not docketed until January 12, 2015, sixty-one days after the trial court's original October 21, 2014 Order. Although Powelton argues to this Court that it did not know about the January 8, 2015 Order until January 14, 2015, and that setting a January 9, 2015 deadline in an order docketed on January 12, 2015 constituted an administrative breakdown that denied Powelton the opportunity to file a brief, the trial court's docket does not reflect that Powelton ever filed a motion requesting the trial court to clarify or modify its January 8, 2015 Order, or that Powelton ever filed a brief once it learned of the order.

Importantly, the trial court did not grant AT&T's Motion to Quash until February 4, 2015, eighty-four days after Powelton's brief was originally due, twenty-five days after the due date mandated in the January 8, 2015 Order, and **twenty-one days after the date Powelton admits it received the January 8, 2015 Order**.[6] Powelton, "as the moving party, had an affirmative duty to prosecute the appeal." *Civil Serv. Comm'n v. Farrell*, 513 A.2d 1123, 1125 (Pa. Cmwlth. 1986). Notably, at the time the trial court granted AT&T's Motion to Quash, Powelton had still not filed a brief and had not filed an answer to AT&T's Motion to Quash. Powelton's failure to file its brief and an answer to the Motion to Quash in an appeal **it filed** are

---

[6] Powelton asserts that it was "unable to submit its [b]rief" due to the trial court's "[e]rror . . . in [i]ssuing an [o]rder with [e]xpired [d]eadlines." Powelton Br. at 24. Nothing prevented Powelton from submitting its brief either before or after the deadline set forth in the January 8, 2015 Order. The trial court did not grant AT&T's Motion to Quash until almost a month after it issued the January 8, 2015 Order. Had Powelton submitted its brief after the January 9, 2015 due date, the trial court could have considered whether to accept the late-filed brief. Instead, Powelton sat on its hands and now blames the trial court for its own inaction.

7

deficiencies attributable only to Powelton. Powelton's inaction delayed AT&T, the prevailing party below, from enjoying the benefits of the ZBA's decision.

The trial court was "entitled to impose sanctions for noncompliance with procedural rules[.]" *King*, 102 A.3d at 1077 (quoting *Muth v. Ridgway Twp. Mun. Auth.*, 8 A.3d 1022, 1027 (Pa. Cmwlth. 2010)). "[S]uch determinations will not be disturbed absent an abuse of discretion." *Id*. "[A] court abuses its discretion when it misapplies the law, exercises its judgment in a manifestly unreasonably manner, or reaches a conclusion as a result of partiality, prejudice, bias or ill will." *In re Private Tax Sale of Premises 214 Plushmill Rd.*, 533 A.2d 1117, 1119 (Pa. Cmwlth. 1987). Given Powelton's failures to comply with the trial court's orders and to prosecute its appeal, the trial court's order dismissing the action does not demonstrate a misapplication of the law, or a manifestly unreasonable exercise of the trial court's judgment. Nor is there any indication that the trial court acted "as a result of partiality, prejudice, bias or ill will." *Id*. Accordingly, we discern no abuse of discretion.

Powelton also argues that the trial court denied it an opportunity to be heard on the substance of its appeal and thus denied it due process when the trial court granted AT&T's Motion to Quash, since "[Powelton] **was unable** to submit a brief in compliance with the Court's deadline due to an administrative breakdown and error by the trial court in issuing an order with expired deadlines." Powelton Br. at 14 (emphasis added). We disagree.

This Court has explained:

> Due process requires a person be provided notice and an opportunity to be heard prior to an adjudication affecting that person's rights. It does not, however, confer an absolute right to be heard. Further, due process is a 'flexible' concept, not a technical one, and it imposes only such procedural safeguards as the situation warrants. In addition, due process is a right that a party may waive.

*Fountain Capital Fund, Inc. v. Pennsylvania Securities Commission*, 948 A.2d 208, 214 (Pa. Cmwlth. 2008) (citations omitted).

> This Court consistently holds the dismissal of a proceeding for a party's failure to prosecute or failure to appear at a hearing without good cause does not violate due process. *Burch v. Dep't of Pub. Welfare,* 815 A.2d 1143 (Pa. Cmwlth. 2002) (failure to prosecute matter and failure to respond to agency's notices and orders justifies dismissal of applicant's action); *City of Phila., Water Revenue Bureau v. Frempong,* 744 A.2d 822 (Pa. Cmwlth. 2000) (failure to appear for court-ordered pretrial status conference warrants dismissal of petitioner's appeals of municipal court judgments); *Green v. Harmony House N. 15th St[.] Hous[.] Ass'n, Inc.,* 684 A.2d 1112 (Pa. Cmwlth. 1996) (failure to appea[r] at pre-trial conference warranted dismissal of appeal of arbitration award); *Greensburg Nursing & Convalescent Ctr. v. Dep't of Pub. Welfare, . . .* 633 A.2d 249 ([Pa. Cmwlth.] 1993) (repeated failures to file pre-hearing memorandum justifies dismissal of petitioner's appeal of agency action); *Goetz* [*v. Dep't of Envtl. Res., . . .* 613 A.2d 65 (Pa. Cmwlth. 1992)] (failure to prosecute or failure to comply with orders issued by agency warrants dismissal of action and does not impinge due process rights); *Cresco, Inc. v. Pa. Pub. Util. Comm'n, . . .* 622 A.2d 997 ([Pa. Cmwlth.] 1993) (failure to follow agency procedures and failure to timely respond to order to show cause justified denial of hearing request); *Lee v. Dep't of Pub. Welfare, . . .* 523 A.2d 1188 ([Pa. Cmwlth.] 1987) (failure to appear at hearing without good cause after denial of continuance justifies dismissal of appeal).

*Id.*

Having concluded that the trial court's issuance of the January 8, 2015 Order did not **prevent** Powelton from filing a brief, and that Powelton's failure to file its brief and/or an answer to the Motion to Quash resulted in the trial court granting AT&T's Motion to Quash, it is clear that Powelton's due process argument is meritless.

9

Finally, Powelton argues that the trial court abused its discretion when it granted AT&T's Motion to Quash because the motion became moot when Powelton subsequently filed its Motion for Extraordinary Relief seeking additional time to file its brief.[7] We disagree.

The Motion to Quash was filed on December 12, 2014, one month after Powelton's brief was due in accordance with the October 21, 2014 Order. At the time AT&T filed its Motion to Quash, Powelton had not filed its brief or a motion for extraordinary relief seeking additional time to file its brief. Powelton did file its Motion for Extraordinary Relief on December 16, 2014, and the trial court granted it on January 8, 2015, requiring Powelton's brief be filed by January 9, 2015. However, despite providing for a December 31, 2014 due date in its proposed order accompanying the Motion for Extraordinary Relief, Powelton did not file its brief while awaiting the trial court's decision on its Motion for Extraordinary Relief, and still did not file a brief even after January 14, 2015 upon learning that the January 8, 2015 Order had been issued.[8] Thus, on February 4, 2015, AT&T's Motion to Quash was not moot, because Powelton had again failed to adhere to the trial court's briefing deadline and had not filed any additional motion for clarification of the trial court's order, or for extraordinary relief to further extend the briefing deadline. We therefore hold that the trial court did not abuse its discretion when it granted AT&T's Motion to Quash.

---

[7] Notably, Powelton did not argue before the trial court that the Motion to Quash was moot, since Powelton never filed an answer to AT&T's Motion to Quash.

[8] Powelton repeatedly argues that AT&T's lack of opposition to the Motion for Extraordinary Relief demonstrates that the Motion to Quash was moot. We disagree. AT&T did not oppose the Motion for Extraordinary Relief. However, the Motion for Extraordinary Relief provided that Powelton **would file its brief by December 31, 2014**. Powelton **never** filed its brief.

10

For all of the above reasons, the trial court's order is affirmed.

_____

ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Powelton Village Civic Association :
and Robert Roomet and Richard Lowe :
and Carolyn Healy and John Phillips :
and Marilyn Taylor and Mark Brack :
and Steve Bell and Joan White :
and Donald White, :
                   Appellants :
                             :
         v. :
                             :
Philadelphia Zoning Board of :
Adjustment and City of Philadelphia and :   No. 355 C.D. 2015
AT&T Wireless :

## O R D E R

AND NOW, this 27th day of January, 2016, the Philadelphia County Common Pleas Court's February 4, 2015 order is affirmed.

                                  _____

                                  ANNE E. COVEY, Judge