IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jessica Lynn Jeter,           :
                    Appellant  :
                              :
        v.                    :   No.  718 C.D. 2020
                              :   Submitted:  February 26, 2021
Bureau of Administrative Adjudication  :
and Philadelphia Parking Authority     :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                    FILED:  July 2, 2021


         Jessica Lynn Jeter (Jeter), *pro se*, appeals the January 24, 2020 Order
of the Philadelphia County Court of Common Pleas (trial court) denying her
Emergency Motion to Overturn the Decision of the Bureau of Administrative
Adjudication (BAA).[1]  Before this Court, Jeter asserts that the trial court erred in
denying her Emergency Motion to Overturn the Decision of the BAA (Emergency
Motion) upholding 17 parking citations, totaling $1,524.05, issued to her over 15
years ago.  The BAA contends that Jeter failed to meet her burden of proof under

---

[1] The BAA, a local agency, is a finance unit under the City of Philadelphia's Office of the
Director of Finance, which provides administrative hearings for the adjudication of disputed
parking tickets pursuant to the Local Agency Law, 2 Pa.C.S. §§751-754.

Section 754(b) of the Local Agency Law.[2]  Further, the BAA argues that Jeter's brief before this Court is inadequate and fails to properly raise and develop issues for review as required under the Pennsylvania Rule of Appellate Procedure, Rule 2119(a).[3]  Upon review, we affirm the Order of the trial court.

## I.    Background

Jeter received a letter, dated January 17, 2020, from the City of Philadelphia's BAA stating that Jeter owed the City of Philadelphia an outstanding debt in the amount of $1,524.05 for 17 parking tickets.  Trial Ct. Record (T.C.R.) at 20.  The letter indicated that "[a]s a condition of employment, the City of Philadelphia, requires that any person offered employment must be current on all debts, taxes, fees, judgments, claims and obligations due to the City."  *Id.*  At the

---

[2] Section 754(b) of the Local Agency Law reads:

In the event a full and complete record of the proceedings before the local agency was made, the court shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter B of Chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may enter any order authorized by 42 Pa.C.S. §706 (relating to disposition of appeals).

2 Pa. C.S. §754(b).

[3] Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure reads:

(a) General rule.  The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part — in distinctive type or in type distinctively displayed — the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa. R.A.P. 2119(a).

time of receipt of the letter, Jeter was "trying to apply for an employment job [sic] with the City" as a "heavy equipment operator." Hr'g Tr., 02/24/2020, at 6; T.C.R. at 42.

The BAA's letter indicated that the outstanding parking tickets were associated with Pennsylvania state vehicle license plate number "DYX7078." T.C.R. at 20. On January 21, 2020, Jeter appeared in person at a Philadelphia Parking Authority location "to resolve all matters or get a hearing." *Id.* at 15. In response to Jeter's request, the BAA issued a decision, also on January 21, 2020, indicating that "[o]ne or more open tickets [are] no longer eligible for [a] hearing since entry of default was more than one year ago. [(] [Phila, Pa., The] Philadelphia Code §12-2807(4)[(2021))]." *Id.* at 7.

Immediately following the BAA's decision, Jeter requested a "print[-] out" of the tickets. *Id.* at 15. Upon reading the provided records, Jeter expressed concern that she had not owned a vehicle in 2001 and 2003 when the tickets were issued. *Id.* Further, Jeter explained that she had never owned a vehicle with the license plate number "DYX7078" and Vehicle Identification Number (VIN) "IG3NF5145HM246260." *Id.*

Because the BAA determined that Jeter was ineligible for a BAA hearing due to the extended default time frame of the parking tickets, Jeter was directed to file an appeal with the trial court. *Id.* at 17. On January 21, 2020, the BAA issued a letter to Jeter to "present to the Office of Judicial Records, in City Hall room 296, in order to file for [sic] the [trial court]." *Id.* at 8. On January 23, 2020, Jeter filed an Emergency Motion with the trial court. *Id.* at 11.

Per Jeter's handwritten Emergency Motion, following her meeting at the Philadelphia Parking Authority office on January 21, 2020, she inquired with the

3

Pennsylvania State Police (PSP) about the registered owner of a vehicle with the license plate number "DYX7078." *Id.* at 16. According to Jeter, PSP "could not find no [sic] information on the tag [number] [']DYX7078['] that pertain [sic] to me." *Id.* Jeter also requested that the PSP "look up" the VIN "IG3NF5145HM246260." *Id.* Jeter described that "[i]t is [sic] suppose [sic] to be a Ford. I never owned a Ford. Once the police officer looked it up he told me is [sic] was not a Ford, and nothing is coming back with [my] name." *Id.* PSP directed Jeter to inquire with the Pennsylvania Department of Transportation (PennDOT) for further information. *Id.*

Jeter then described utilizing a PennDOT "online messenger service" and requesting information regarding license plate number "DYX7078." *Id.* Jeter explained that "[t]hey [sic] gave me a print out stating [']No Records in Range[']. Then the messenger Location [sic] at 6701 Haverford Phila, PA 19151." *Id.* Jeter proceeded to visit the PennDOT location in Harrisburg, where she "found out" from a "customer service rep" that "the vehicle is an Oldsmobile not a Ford with two owners [sic] name [sic] on the [']Master Purge Report[,'] one of which is not in question [and] the second one which [sic] an owner [sic] name." *Id.* at 18. Per Jeter, PennDOT found the vehicle to be associated with Antoinette Jones at 5104 Chester Avenue, Philadelphia, PA 19143. *Id.*

Additionally, in a letter addressed to Jeter and dated January 22, 2020, PennDOT explained that according to its records, Jeter's "address was changed from 1480 N. Allison St., Philadelphia, PA 19131, to 5104 Chester Ave., Philadelphia, PA 19143, then was changed to the current address on file [,2008 W. Wingohocking St., Philadelphia, PA 19140,] on May 21, 2019." *Id.* at 25.

4

On January 24, 2020, a trial court hearing was held on the Emergency Motion. Upon the trial court's request to clarify her position, Ms. Jeter stated:

> First and foremost, they sent me a letter that I never got before, up until now, me trying to apply for an employment job [sic] with the City. I never got any of these tickets. This car is not registered [in] my name. The [license plate] or the VIN is not registered in my name.

Hr'g Tr., 2/24/2020, at 5. The trial court sought further clarification, asking:

> [The Court]: As I understand it in your petition, nothing is coming back indicating your name was associated with the license plate in question: PADYX7278 [sic].
>
> Is that your position, madam?
>
> [Ms. Jeter]: Yes.

*Id.* at 6. However, following Jeter's statements at the hearing, counsel for the BAA explained:

> Your Honor, the City's records indicate this vehicle was registered to Ms. Jeter at an address [600 West Harvey] that we know she lived at. Again, it was many years ago, and it may have just fallen through the cracks, as far as collection; however, we do have documentation that notice upon notice were [sic] being sent to the address for almost 12 years.

*Id.* Counsel for the BAA then moved to submit the above-referenced documentation into the record, and the trial court judge granted the request. *See* T.C.R. at 22; *see also* Trial Ct. Op., 03/16/2020, at Ex. 1.

On January 24, 2020, the trial court issued an Order denying Jeter's Emergency Motion. In its subsequent opinion, the trial court noted that the BAA provided evidence that Jeter lived at the address to which the car was registered and that the City had documentation of notices being sent to that address for 12 years.

5

Trial Ct. Op., 03/16/2020, at 3-4. Further, the trial court opined that while Jeter had information from PennDOT, it only showed her address and did not in fact relate to the tickets or the license plate in question.[4] *Id.* at 4.

Jeter now appeals to this Court.[5]

## II. Discussion

On appeal, Jeter argues that the trial court committed an error of law in denying her Emergency Motion because the BAA did not provide evidence, through documentation, to support that the license plate number and VIN associated with the

---

[4] Further, in its March 16, 2020 opinion, the trial court raised the issue of whether its denial of Jeter's Emergency Motion was appealable to this Court because it was not a "final order." *See* Pa. R.A.P. 341. In the trial court's view, the emergency motion program produces findings that are interlocutory, not final, in nature. Therefore, Jeter's instant appeal should be dismissed.

"[Jeter]'s Emergency Motion was filed through the court's emergency motion program, which allows for judicial review of a motion the same day the motion is filed." Trial Ct. Op., 03/16/2020, at 3. Per the trial court record, on January 24, 2020, the trial court held a hearing on the Emergency Motion, allowing both Jeter and the BAA to provide substantive testimony and evidence. These proceedings evaluated the merits of the case and were not merely procedural in nature. Additionally, before this Court, neither Jeter nor the BAA question the finality of the trial court's January 24, 2020 Order, and the trial court itself evaluated the merits of Jeter's case in its March 16, 2020 opinion. Therefore, while we note the issue of finality, as raised by the trial court, in our view, the case is ripe for our review, and we will evaluate Jeter's appeal.

[5] When reviewing a matter on appeal from a local agency, this Court:

must affirm the agency where, as here, a complete record was developed before the local agency, unless the court has determined that constitutional rights were violated, an error of law was committed, the procedure before the agency was contrary to statute, or [] a necessary finding of fact was unsupported by substantial evidence.

*King v. City of Phila. Bureau of Admin. Adjudication*, 102 A.3d 1073, 1076 n.4 (Pa. Cmwlth. 2014) (quoting *Civ. Serv. Comm'n of the City of Phila. v. Farrell*, 513 A.2d 1123, 1124-25 (Pa. Cmwlth. 1986)).

outstanding tickets were registered to her. The BAA contends that the trial court did not err in affirming its decision. Further, the BAA asserts that Jeter failed to meet her burden of proof under Section 754(b) of the Local Agency Law by failing to prove that her constitutional rights were violated, that an error of law was committed by the BAA, that the procedure before the BAA was contrary to statute, or that necessary findings of fact were unsupported by substantial evidence.[6]

Before the trial court, Jeter asserted that the outstanding tickets were "not correct" and "should not be held against her." Hr'g Tr., 02/24/2020, at 4; Trial Ct. Op., 03/16/2020, at 3. In support of this claim, Jeter presented a letter from PennDOT that showed only her current and previous addresses as registered with PennDOT, but it did not relate to the tickets or the license plate in question. *See* Trial Ct. Op., 03/16/2020, at 4; *see also* T.C.R. at 25. The addresses provided by PennDOT did not include "600 West Harvey," the address that the BAA ascribed to the outstanding tickets, which Jeter argued was conclusive evidence that the BAA had assigned the outstanding tickets to her in error. *Id.* However, Jeter could not provide any further evidence to support her claim that the BAA had committed an error in attributing the tickets to her.

The BAA, in contrast, provided the trial court with records that indicated Jeter previously lived at "600 West Harvey," the address at which the vehicle associated with the outstanding tickets was registered. *See* T.C.R. at 20-22. These records also documented that the BAA had sent notices regarding the

---

[6] Before this Court, the BAA also argues that Jeter failed to adequately develop any argument in her brief filed with this Court in violation of the Pennsylvania Rule of Appellate Procedure 2119(a), Pa. R.A.P. 2119(a). As a result, the BAA asserts that Jeter's appellate claims should be precluded. While we acknowledge the issue presented by the BAA, we will evaluate the instant case, considering whether the trial court committed an error of law by denying Jeter's Emergency Motion.

outstanding tickets to that address for over 12 years. *Id.* At the trial court hearing, counsel for the BAA further clarified, stating: "There were 15 notices for each ticket sent to that address." Hr'g Tr., 02/24/2020, at 8.

At the hearing, the trial court asked Jeter to directly address the documents provided by the BAA in consideration of her assertion that the BAA had committed an error of law. Jeter insisted that because her letter from PennDOT did not indicate her license had ever been registered at "600 West Harvey," she could not be the individual associated with the outstanding tickets. However, Jeter acknowledged that she lived at "600 West Harvey," but for "college only." Hr'g Tr., 02/24/2020, at 9. The BAA's counsel responded by explaining: "[T]here's no dispute that [] Jeter lived at 600 West Harvey[.] [W]hether she appropriately changed her license, I can't speak to that. When you move, you have to tell [Penn]DOT that you moved. I don't know what bearing that would have, Your Honor." *Id.* at 12.

Thus, while Jeter relied upon PennDOT's records to demonstrate all known addresses with which she has been associated, the trial court found this inquiry was not dispositive of whether the outstanding tickets are attributable to her. At the trial court hearing, Jeter admitted to having lived at "600 West Harvey," the address to which the vehicle was registered and to which the associated notices were sent. Although PennDOT did not have records of Jeter residing at "600 West Harvey," by Jeter's own admission, she lived there "during college," a transient time when many individuals commonly do not update their address on their driver's license and/or vehicle registration. Therefore, because the BAA produced records indicating that Jeter lived at "600 West Harvey," the address associated with the outstanding tickets, the trial court found that there was evidence that showed Jeter

8

previously lived at an address that matched the registered address for the tickets, and vehicle, in question. Trial Ct. Op., 03/16/2020, at 4.

Appellate courts, including this Court, do not inquire into the merits of a controversy but rather examine the record and determine whether there were reasonable grounds for the trial court's order. *SEIU Healthcare Pa. v. Com.*, 104 A.3d 495, 501 (Pa. 2014). Appellate courts will reverse the trial court's order only if it is plain that no grounds exist to support the trial court's order or that the trial court relied upon a palpably erroneous rule of law or misapplied it. *Summit Towne Ctr., Inc. v. Shoe Show of Rocky Mount, Inc.*, 828 A.2d 995, 1000 (Pa. 2003). As its Order, here, was supported by the evidence, the trial court did not err in denying Jeter's Emergency Motion.

### III.    Conclusion

Discerning no error below, we affirm the Order of the trial court denying Jeter's Emergency Motion.

_____
J. ANDREW CROMPTON, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jessica Lynn Jeter,             :
              Appellant      :
                            :
         v.             :    No.  718 C.D. 2020
                            :
Bureau of Administrative Adjudication  :
and Philadelphia Parking Authority    :

# **O R D E R**

     **AND NOW**, this 2nd day of July 2021, we **AFFIRM** the January 24, 2020 Order of the Philadelphia County Court of Common Pleas.

 

_____
J. ANDREW CROMPTON, Judge