IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of Andrew R. McLellan     :
                                        :
From the decision of:                   :
Board of Revision of Taxes of the       : No. 379 C.D. 2022
City of Philadelphia                    : Submitted: March 31, 2023
Re: Adjudication of Office of           :
Property Assessment                     :
                                        :
Appeal of: Andrew McLellan              :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  February 28, 2024


        Andrew McLellan (McLellan) appeals from the order of the Court of

Common Pleas of Philadelphia County (trial court) that dismissed his statutory

appeal from an adjudication of the City of Philadelphia (City) Board of Revision of

Taxes (Board) for failure to prosecute his appeal.  After careful review, we affirm.

        The relevant background as provided by the trial court and from the

record is as follows.  In September 2019, McLellan filed a petition with the Board

seeking permission to appeal his tax abatement *nunc pro tunc*.  Trial Court Opinion,

7/1/22, at 1.[1]  On the appeal form, McLellan indicated that the reason for the delay

---

[1] The Trial Court Opinion is attached to McLellan's Brief.  Although the Trial Court Opinion is dated July 2022, with the numerical date left blank, the trial court docket indicates that the Trial Court Opinion was docketed on July 1, 2022.

was that "[w]e gave money to an expeditor who never filed and [we] can't find him." Reproduced Record (R.R.) at 12a.[2] In September 2021, the Board denied McLellan's *nunc pro tunc* abatement appeal. Trial Court Opinion at 2; R.R. at 17a.

In October 2021, McLellan timely filed a statutory appeal to the trial court from the Board's denial. Trial Court Opinion at 2. Pursuant to Phila. Civ. R. No. 320, which governs statutory appeals, on November 1, 2021, the trial court entered a case management order (Case Management Order) that required McLellan to serve a copy of his notice of appeal on all parties, required McLellan to file a brief within 30 days of the order, and notified the parties that a hearing would be scheduled sometime after January 3, 2022. Supplemental Reproduced Record (S.R.R.) at 1b. Also pursuant to Phila. Civ. R. No. 320, on February 10, 2022, the trial court entered another order (Scheduling Order) setting the date of March 8, 2022, for oral argument, ordered McLellan to serve all parties with the notice of appeal, and provided instructions for participating virtually in the hearing. Trial Court Opinion at 2; R.R. at 33a-34a. The trial court docket reflects that the trial court notified McLellan of the Scheduling Order in writing pursuant to Pa.R.Civ.P. 236(a) and noted in the docket that notice was given pursuant to Pa.R.Civ.P. 236(b). Trial Court Opinion at 2; R.R. at 4a-5a. McLellan failed to file a brief or to appear at the March 8, 2022 hearing. Trial Court Opinion at 2; S.R.R. at 3b-4b. At the hearing, counsel for the City made an oral motion requesting that McLellan's appeal be dismissed for failure to prosecute, which the trial court granted in an order dated March 14, 2022, docketed on March 15, 2022. Trial Court Opinion at 2; R.R. at 5a-

---

[2] Pa. R.A.P. 2173 states: "Except as provided in Rule 2174 (tables of contents and citations), the pages of . . . the reproduced record . . . shall be numbered separately in Arabic figures and not in Roman numerals: thus 1, 2, 3, etc., followed in the reproduced record by a small a, thus 1a, 2a, 3a, etc." Although the pagination of Appellant's Reproduced Record does not conform to the foregoing Rule, we will cite to the relevant pages as required by the Rule.

6a.  The trial court dismissed McLellan's appeal for failure to appear at the March 8, 2022 hearing "as directed by prior Order and Rule despite notice," and further denied McLellan's appeal due to his failure to "exhaust his administrative remedies." R.R. at 35a.

McLellan timely appealed the trial court's March 15, 2022 order to this Court.  Trial Court Opinion at 2; R.R. at 6a.  In its opinion, the trial court explained that McLellan's statutory appeal from the Board's denial was governed by the Local Agency Law,[3] where the trial court heard the appeal based on the certified record made before the Board.  Trial Court Opinion at 3.  The trial court further explained that although the trial court functions as an appellate court in statutory appeals, because the trial court has not specifically adopted the Pennsylvania Rules of Appellate Procedure, the appeal was governed by local rules, citing in support *City of Pittsburgh v. Kisner*, 746 A.2d 661, 664 (Pa. Cmwlth. 2000).  Trial Court Opinion at 3.  The trial court stated that Phila. Civ. R. No. 320 governs statutory appeals, requires the prothonotary to maintain a special docket for statutory appeals, and requires the prothonotary to provide appellants with a standing scheduling order once an appeal is filed.  Trial Court Opinion at 4.  The trial court found that the Scheduling Order issued on February 10, 2022, governed McLellan's appeal and set a virtual hearing to occur on March 8, 2022.  *Id.*

The trial court reasoned that McLellan, as the moving party, had the affirmative duty to prosecute the appeal he filed, citing in support *Civil Service Commission of the City of Philadelphia v. Wenitsky*, 521 A.2d 80 (Pa. Cmwlth. 1987), which McLellan failed to do when he failed to appear at the hearing.  Trial Court Opinion at 4.  The trial court reasoned that McLellan's appeal was properly

_____

[3] 2 Pa. C.S. §§551-555, 751-754.

3

dismissed because he failed to appear at the March 8, 2022 hearing even though he received notice when the "Scheduling Order was sent to [McLellan]" pursuant to Pa.R.Civ.P. 236(a)(2). Trial Court Opinion at 4. The trial court dismissed the appeal, concluding that McLellan "failed to serve all parties as set forth in the Scheduling Order, failed to attend the hearing on March 8, 2022, and failed to file a post-trial motion thereby thwarting this court's ability to evaluate his issues." *Id.* at 6. McLellan then appealed to this Court.[4]

Before this Court, McLellan argues that the trial court erred when it dismissed his appeal without a hearing, again maintaining that he failed to receive notice of the March 8, 2022 hearing. McLellan argues that denial of a hearing in this matter violated his due process right to be heard. McClellan further argues that the Board should have granted his *nunc pro tunc* abatement petition, because McLellan did not act negligently, and the City would not be prejudiced by granting the request to appeal *nunc pro tunc*. The City responds in relevant part that the trial court properly dismissed McLellan's statutory appeal because he abandoned the appeal, and that his due process rights were not violated when a hearing was offered but McLellan failed to attend. The City further argues that McLellan lacks standing to appeal as an individual when the property was owned, at the relevant time, by White Horse LLC. The City further argues that McLellan's appeal is now moot because he no longer owns the property for which he is seeking a tax abatement.

---

[4] When reviewing a matter on appeal from a local agency this court must affirm the agency, "where, as here, a complete record was developed before the local agency, unless the court has determined that constitutional rights were violated, an error of law was committed, the procedure before the agency was contrary to statute, or [] a necessary finding of fact was unsupported by substantial evidence." *Civil Service Commission of the City of Philadelphia v. Farrell*, 513 A.2d 1123, 1124-25 (Pa. Cmwlth. 1986).

In *King v. City of Philadelphia*, 102 A.3d 1073 (Pa. Cmwlth. 2014), our Court considered the decision of a local agency of the City of Philadelphia, the Bureau of Administrative Adjudication (BAA), that upheld a driver's liability for 17 parking tickets. Relevant here, the driver appealed the BAA's decision to the trial court, and later failed to file a brief even though notified to do so, after which the trial court quashed the driver's appeal. *Id.* at 1075-76. This Court explained that because the BAA is a local agency, the Local Agency Law applies and provides for an appeal of the BAA's determination to the trial court pursuant to Section 752 of the Local Agency Law, 2 Pa. C.S. §752. Where a full record was made before the local agency, the trial court hears the appeal on the record certified by the agency, pursuant to Section 754(a) of the Local Agency Law, 2 Pa. C.S. §754(a). Section 701(a) of the Local Agency Law, 2 Pa. C.S. §701(a), gives the trial court appellate jurisdiction when serving as an appellate court. *King*, 102 A.3d at 1076. We further explained:

> However, the Pennsylvania Rules of Appellate Procedure do not apply to a trial court acting as an appellate court while hearing a local agency appeal unless the county where that trial court sits has specifically adopted the Pennsylvania Rules of Appellate Procedure. [] *Kisner*, 746 A.2d [at] 664 []. Here, in Philadelphia County, the Pennsylvania Rules of Appellate Procedure have not been explicitly adopted. Thus, the Philadelphia County Rules of Civil Procedure provide the basic framework for appeals from local agencies. *Id.*

*King*, 102 A.3d at 1076. The Court then reviewed Phila. Civ. R. No. 320, the same rule at issue here, and determined that although he received a scheduling order providing a due date for his brief, the driver failed to timely file his brief. *Id.* at 1077. The Court held that the driver, as the moving party, had an affirmative duty to prosecute his appeal. *Id.* The Court further concluded that

5

> [a]lthough not strictly bound by the Pennsylvania Rules of Appellate Procedure, the trial court, acting as an appellate court, may look to the Pennsylvania Rules of Appellate Procedure for guidance and "such points of procedure are best left to the sound discretion of the trial court." *Kisner*, 746 A.2d at 664.

*King*, 102 A.3d at 1077. The Court then cited Pa.R.A.P. 2188[5] and *Farrell*, 513 A.2d at 1125, in support of the trial court's authority to dismiss an appeal if an appellant fails to file a brief. *Id.* The Court opined that a trial court's determination to quash an appeal for noncompliance with its procedural rules would not be disturbed absent an abuse of discretion and held that the trial court exercised its sound discretion in quashing the driver's appeal for failing to comply with its scheduling order. *Id.*

In the context of another local agency appeal in Philadelphia, our Court has held that the moving party has an affirmative duty to prosecute his appeal, and that failure of a moving party to file a brief, as required by Pa.R.A.P. 2188, or to appear for argument, as required by Pa.R.A.P. 2314,[6] are grounds for dismissal. *Farrell*, 513 A.2d at 1125.

Here, there is no dispute that McLellan received notice of the trial court's Case Management Order, failed to serve a copy of his notice of appeal, and failed to file a brief in support of his appeal. *See* S.R.R. at 1b, R.R. at 4a-5a. The docket reflects that McLellan received notice of the trial court's Scheduling Order in compliance with Pa.R.Civ.P. 236(a), which was noted in the docket pursuant to Pa.R.Civ.P. 236(b), and he failed to appear at the scheduled hearing. *See* R.R. at 5a-

---

[5] Pa.R.A.P. 2188 states, in relevant part: "If an appellant fails to file his . . . brief . . . within the time prescribed by these rules, or within the time as extended, an appellee may move for dismissal of the matter.".

[6] Pa.R.A.P. 2314 states, in pertinent part: "If appellant or the moving party is not ready to proceed when a case is called for oral argument, the matter may be dismissed as of course."

6

6a, S.R.R. at 2b-4b. As governed by *King* and *Farrell*, which considered similar issues, we discern no error or abuse of discretion by the trial court in dismissing McLellan's appeal for failure to prosecute when he failed to appear at the hearing.[7] Because the trial court acted as an appellate court in this appeal, we reject the trial court's reasoning that McLellan was required to seek post-trial relief pursuant to Pa.R.Civ.P. 227.1.[8] The requirement to file for post-trial relief pursuant to Pa.R.Civ.P. 227.1 does not apply here. *See, e.g.*, *In re Mackey*, 687 A.2d 1186, 1190 (Pa. Cmwlth. 1997) ("[A]s our Supreme Court held in *Appeal of Borough of Churchill*, [575 A.2d 550 (Pa. 1990)], the Pennsylvania Rules of Civil Procedure do not apply to tax assessment appeals, or to statutory appeals in general. *See also Leasure v. Borough of Trafford*, [531 A.2d 559 (Pa. Cmwlth. 1987)].") (footnote omitted). Nevertheless, as outlined above, the trial court properly determined that the statutory appeal should "be dismissed as of course" based on McLellan's failure to prosecute the appeal.

Accordingly, we affirm the trial court's order.[9]

_____
MICHAEL H. WOJCIK, Judge

---

[7] We also note, and the parties do not dispute, that McLellan failed to file a brief with the trial court.

[8] We may affirm the order of the trial court on any basis apparent from the record. *In re Tax Claim Bureau of Lehigh County 2012 Judicial Tax Sale*, 107 A.3d 853, 860 (Pa. Cmwlth. 2015).

[9] Because of our disposition, we do not reach McLellan's arguments on the merits or the City's arguments on standing or mootness.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of Andrew R. McLellan     :
                                         :
From the decision of:                    :
Board of Revision of Taxes of the        : No. 379 C.D. 2022
City of Philadelphia                     :
Re: Adjudication of Office of            :
Property Assessment                      :
                                         :
Appeal of: Andrew McLellan               :

O R D E R

AND NOW, this 28th day of February, 2024, the order of the Court of Common Pleas of Philadelphia County entered on March 15, 2022, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge